No. 3026

Second Circuit

BURSON v. OHIO OIL CO.

(June 28, 1927.  Opinion and Decree.)
(July 26, 1927.  Rehearing Refused.)
(July 28.  Writs of Certiorari and Review Applied for.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 154.**

A law which is not substantive but purely remedial, such as Section 18 of the Workmen's Compensation Act, as amended by Act 85 of 1926, is the law in force at the time the suit is filed and controls as to the jurisdiction, even though the injury occurred prior to the time that it went into effect.

2. **Louisiana Digest — Corporations — Par. 209.**

Under Section 2 (d) of Act No. 267 of 1914, the only cases where the plaintiff may sue a corporation in the parish where the cause arose regardless of domicile of the corporation are actions resulting from a trespass or an offense or quasi offense.

3. **Louisiana Digest—Master and Servant —Par. 153, 154.**

In view of Section 34 of Act 20 of 1914, an action under the Workmen's Compensation Act is neither an action for trespass, offense, or quasi offense, but is separate action from that under Article 2315 of the Civil Code.

Appeal from the Twenty-sixth Judicial District Court of Louisiana, Parish of Webster.  Hon. H. C. Drew, Judge.

Action by James T. Burson against Ohio Oil Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Thomas W. Robertson, of Shreveport, attorney for plaintiff, appellant.

R. L. Benoit, of Shreveport, attorney for defendant, appellee.

ODOM, J. This is a suit under the Workmen's Compensation Law.

Plaintiff alleges that the defendant is a foreign corporation having its domicile in the state of Ohio but maintaining an office for the transaction of its business in the city of Shreveport, Caddo parish.

He further alleges that the defendant is engaged in drilling oil and gas wells in the parish of Webster, where he was employed by it to work on a drilling rig, and that on January 31, 1926, he was injured while at work in Webster parish. And he brought this suit in that parish.

The defendant, in limine, filed an exception to the jurisdiction of the court ratione personae, and asked that testimony be taken in support of the exception.

The testimony taken on the trial of the exception shows that defendant is a foreign corporation, doing business in several parishes of the state, Webster being one of them, but maintaining only one office in the state from which all of its business is transacted, that being in the city of Shreveport, Caddo parish.

The lower court sustained the exception to its jurisdiction, from which judgment plaintiff prosecutes this appeal.

## OPINION

Plaintiff was injured while at work in the parish of Webster on January 31, 1926. At the time he was injured, the law fixing the venue of suits of this character was Act No. 234 of 1920. That act provided that the injured employee might, at his option, present his complaint—

"to the judge of the District Court of the parish in which the injury was done or the accident occurred * * * or to any court at the domicile of the defendants having jurisdiction of the amount in dispute."

Under the plain provisions of that act the injured employee could bring his suit in the parish where he was injured. But that law is no longer in effect, having been repealed by Act No. 85 of 1926. The latter act does not confer upon an injured employee the right to bring his suit in the parish where the injury occurred, but by Section 14, which amends and re-enacts the old law, it is provided that he must present his complaint—

"to the judge of the District Court which would have jurisdiction in a civil case * * * or to any court at the domicile or at the principal place of business of the defendant, having jurisdiction of the amount in dispute, at the option of the plaintiff."

If plaintiff had brought his suit prior to the date on which the new law took effect, the question of venue would probably not have been raised; but he filed his suit on January 28, 1927, long after the new law took effect.

Counsel for plaintiff argues that the law in effect at the time the cause of action arose is controlling on the point. We do not think so.

It is unquestionably true that, insofar as plaintiff's rights of recovery against the defendant are concerned, they were fixed on the date the cause of action arose and are governed by the law in force at that time; but his remedy and the proceedings to enforce those rights are governed by the law in effect at the time the suit was brought.

By reference to Act No. 20 of 1914, the original Workman's Compensation Law, and all the amendments thereof, including the last one, No. 85 of 1926, Section 18 relates exclusively to proceedings under the act. It establishes the remedies but not the rights of the parties. It fixes the venue of suits under the act and with marked particularity prescribes the legal procedure for the enforcement of the right of the litigants. That section of the act is not substantive but purely remedial, and the law in force at the time this suit was filed controls as to jurisdiction.

This view, we think, is supported by an unbroken line of decisions from the case of Todd vs. Landry, 5 Mar. (O. S.) 459, down to and including the case of Cassard vs. Tracy, 52 La. Ann. 835, 27 South. 368.

It is needless to here cite all the decisions, as they are collated in Cassard vs. Tracy, supra, especially at page 856.

We cite, further, Devine's Case, 129 N. E. 414, and the authorities therein cited.

Counsel for plaintiff argues further that conceding that the act of 1926 does control, the suit was properly brought in the parish of Webster because said act, Section 18, provides that the complaint shall be presented—

"to the judge of the District Court which would have jurisdiction in a civil case," and that under Section 25 (d) of Act No. 267 of 1914, a suit against a corporation may be brought either in the parish where the cause of action arose or at the domicile of the corporation.

Paragraph (d), Section 25, of Act No. 267 of 1914 reads as follows:

"Where the corporation is engaged in business in more than one parish, the venue of the suit shall, at the option of the plaintiff, be in the parish where the cause of action arose, or at the domicile of the corporation *if the cause of action results from a trespass or an offense or quasi offense;* but if the cause of action results from any other cause the venue of the action shall be in the parish where is or was located the particular office which had supervision of the transaction from which the cause of action arose or at the domicile of the corporation at the option of the plaintiff."

See, also, Act No. 179 of 1918, page 334.

It is perfectly clear that it is only in cases where the "cause of action results from a trespass or an offense or quasi offense that the action may be brought where the cause of action arose."

Plaintiff's cause of action results neither from a trespass, an offense or a quasi offense. 5 La. App. 621, 143 La. 956; Legendre vs. Barker, 5 La. App. 621; Phipps vs. Guy Drilling Co., 143 La. 956, 79 South. 549.

"Trespass" in a legal sense means "any misfeasance, transgression or offense which damages another's person, health,

reputation or property, and as used in some statutes is equivalent to 'tort'."

38 Cyc. 994.

An offense in a legal sense means a transgression of the law. Quasi offenses under our law are those which cause injury to another but proceed only from error, neglect or imprudence.

Edwards vs. Turner, 6 Rob. 382.

Actions for trespass, offenses and quasi offenses are those specifically provided for under Article 2315 of the Civil Code.

But counsel argues that the Workmen's Compensation Law is "merely supplementary to and complementary to Article 2315 of the Civil Code".

Counsel is in error. Section 34 of Act No. 20 of 1914, the Workmen's Compensation Act, as amended by Act No. 38 of 1918, reads as follows:

"That the rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury."

In Bronson vs. Harris Ice Cream Co., 150 La. 455, 90 South. 759, the court said:

"To the legal action which the injured employee might have to recover full indemnification (under Article 2315 of the Civil Code) the act (Workmen's Compensation Law) substitutes a right to partial indemnification * * *."

(Words in parenthese ours.)

Insofar as an injured employee's rights to recover from his employer are con-

cerned, Article 2315 of the Civil Code is set aside if the employee and employer elect to come under the act. Another and a completely different right of action is substituted by the act. Not only does the act substitute a different right of action, but plaintiff's "remedies" are different and are exclusive.

In his Corpus Juris Treatise on "Workmen's Compensation Acts" Mr. Donald J. Kiser says, page 7, in speaking of the obligations arising under the act:

"The trend of authority is toward regarding the obligation as contractual, although it has been said that critically considered it is more properly placed in a class by itself."

And he cites the case of American Radiator Co. vs. Rogge, 86 N. J. L., 436, 437, where it was said:

"The liability is indeed contractual in character by force of the very terms of the statute, but it is not the result of an express agreement between the parties; it is an agreement implied by the law of a class now coming to be called in the more modern nomenclature of the books 'quasi contracts'."

Lastly, counsel for plaintiff contends that defendant has waived its right to plead to the jurisdiction of the court by appearing in court for another purpose, that is: to ask further time to file answer.

Defendant's first and only appearance in court was by way of exception to the jurisdiction. Counsel did, however, in said exception, ask that in case the court should overrule the same, he be given further time in which to answer. The exception to the jurisdiction was specifically plead and a request to take testimony on

the plea was made. The request for further time in which to answer was made only in the alternative in case the exception should be overruled. We do not think the defendant, under such circumstances, waived its plea to the jurisdiction.

The judgment appealed from is affirmed with costs.

Note: Since the above opinion was written, we have discovered that Paragraph 1 of Section 18 of Act No. 234 of 1920 is in conflict, as to venue, with Act No. 247 of 1920. It is not necessary to discuss the conflict, as we hold that neither act applies to this case.