O’NIELL, C. J.
 

 This is a suit for compensation under the Employers’ Liability Act, being the Act 20 of 1914, as amended by Act 216 of 1924, p. 446. The later amendments are not applicable. It is admitted that the plaintiff was the victim of an accident in which three fingers were crushed, while he was employed as switchman on the defendant’s railroad, and that his wages at the time were -$36.96 per week. It is admitted, therefore, that the plaintiff is entitled to compensation under the eighth section of the statute, at the maximum rate of $20 per
 
 *571
 
 week. Tlie only question is the number of weeks for which compensation should he allowed, and that depends upon what subsection is applicable to the case. The injury necessitated the amputation of two phalanges of the fourth or little finger and all of the third finger, and caused a tearing of the tissues extending into the second finger, leaving it stiff and almost if not quite useless. The plaintiff testified that his third finger was rendered absolutely useless. The railroad company’s surgeon testified that he thought that the usefulness of that finger was impaired “about 50 per cent.” ; but the witness admitted that the extent of the impairment could be determined better from the testimony of the plaintiff himself. 1-Ie claimed compensation for 150 weeks, under subsection 1(d), “for the loss of a hand”; and the civil district court gave judgment accordingly. On appeal, the Court of Appeal amended the judgment by reducing the period of payments to 100 weeks, according to subsection 1(e), which provides:
 

 “In cases not falling within any of the provisions already made, where the * * * usefulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in cases of specific disability above named, not to exceed sixty-five per centum of wages during one hundred weeks.”
 

 We agree with the Court of Appeal that, as the plaintiff did not suffer the loss of his hand, or the permanent total loss of the use of his hand, he is not entitled toi the compensation for 150 weeks, under subsection 1 (d). B.ut we do not find that subsection 1(e) is applicable to the case, because that subsection applies only to “cases not falling within any of the provisions already made,” and provisions were made in the preceding subsections for such injuries as the plaintiff suffered. Those provisions allow the compensation for 20 weeks for the loss of a finger other than the index finger, allow half as much for the .loss of two phalanges of a finger, and declare that the compensation allowed for the permanent total loss of the use of a member shall be the same as for the-amputation of such member. The defendant concedes that the plaintiff is entitled to the compensation for 20 weeks for the loss of his third finger, but contends that he is entitled to the compensation for only 10 weeks additional for the loss of the two phalanges of his fourth or little finger, and for only 10 weeks additional for the impairment of the use of his second finger. The plaintiff tes-' tilled that the stump, or remaining phalanx, of the little finger, was rendered utterly useless, and the railroad company’s surgeon corroborated the statement. I-Ie said that, in the operation which he performed on the plaintiff’s finger, he tried to save that phalanx by suturing the flexor tendon to the periosteum, but that the suturing did not hold, and, in consequence, the use of the stump was lost. The plaintiff therefore suffered the permanent total loss of the use of that finger, and is entitled to the compensation for the same period as if the whole finger had been amputated — that is, for 20 weeks, The testimony convinces us also that the plaintiff suffered the permanent total loss of the use of the second finger, and is entitled to compensation for an additional 20 weeks for that injury. The total period for which the compensation should be allowed is therefore 60 weeks.
 

 Under the discretionary power of the court in the matter of assessing court costs, -we shall require the defendant to pay the costs.
 

 The judgment of the Court of Appeal is amended so as to reduce the period for which the compensation is to be paid to 60 weeks, and, as amended, the judgment is affirmed. The defendant is to pay all court costs.