### No. 380

### First Circuit

## GIROIR v. THE CELOTEX CO., INC.

(January 9, 1929. Opinion and Decree.)
(February 13, 1929. Rehearing Refused.)

Brumby & Bauer, of Franklin, attorneys for plaintiff, appellee.

E. V. Parham and Edward Rightor, of New Orleans, attorneys for defendant, appellant.

LECHE, J. Defendant appeals from a judgment condemning it to pay compensa-

tion to plaintiff at the rate of fifteen 83/100 dollars per week during the period of disability not exceeding ninety weeks, commencing from September 6, 1926, subject to a credit of one hundred and forty-six 60/100 dollars, the deferred payments to bear legal interest from the date of their respective maturities until paid.

Plaintiff while working for defendant was injured about the left hand which was jammed between some heavy machinery and a post, when the machinery tilted off its base. It became necessary to amputate the third · finger of plaintiff's left hand and the other fingers of the same hand as well as his whole hand were bruised to such an extent that plaintiff is unable to grasp anything with that hand. Plaintiff sues for compensation at the rate of sixty-five per cent of twenty-five dollars per week for a period of three hundred weeks, but the trial court limited his compensation as above set forth.

The defendant excepted to plaintiff's demand on the ground that the District Court for the Parish of St. Mary had no jurisdiction ratione personae.

Defendant is a foreign corporation established under the laws of the State of Delaware and has its principal office for doing business in this State, in the town of Marrero, Parish of Jefferson. Plaintiff was working in the employ of defendant, at Louisa, in the Parish of St. Mary. Defendant also had an office at Louisa. Plaintiff was employed by an agent of defendant in the Louisa office and received all his instructions as to his duties, and was paid wages for his labor, by that office. It is beyond question that defendant was doing business in the Parish of St. Mary and that it had an office in that parish. According to the provisions of Act 179, page 336 of 1918, Sec. 1, Par.

5, sub-par. "d", where a corporation is engaged in business in more than one parish, the venue of the suit shall at the option of the plaintiff, be in the parish where the cause of action arose. In this case it is conceded that defendant does business in more than one parish and that the cause of action arose in the Parish of St. Mary, and it therefore follows that the District Court for the Parish of St. Mary is vested with jurisdiction. Defendant contends however that the cited section of the Act of 1918 only applies to causes of action resulting from a trespass or an offense or quasi offense. The first part of the section seems so to indicate, but the second part specifically says that where the cause of action results from any other cause, the venue of the action shall be in the parish where is or was located the particular office which has supervision of the transaction from which the cause of action arose, or at the domicile of the corporation at the option of plaintiff. This seems adversely decisive of the contention of defendant.

Again, defendant contends that Act 179 of 1918, has no application to suits for compensation under the Employers' Liability Act and cites as authority the case of Burson vs. Ohio Oil Co., 6 La. App. 739. But that decision seems to be in direct conflict with the case of Jenkins vs. Salmen Brick & Lumber Co., 148 La. 30, 86 So. 601. We must perforce be guided by the latter case, where it is specifically held that Act 267 of 1914, an act fixing the venue for actions against corporations, applies to suits under the Workmen's Compensation law.

The Employers' Liability Act, Section 18, paragraph 1, fixes the venue in compensation cases, before the judge of the Court which would have jurisdiction in a civil case. It is apparent that the District

Judge of the Parish of St. Mary, would, according to Section 1 of Act 179, page 336 of 1918, have jurisdiction of a civil case against defendant, and therefore that he has jurisdiction over defendant in the present suit for compensation.

Defendant's exception to the Court's jurisdiction was properly overruled.

On the merits of plaintiff's demand, the only controverted questions are the extent of plaintiff's disability occasioned by the accident, and the number of weeks for which he should be allowed compensation. There is no dispute as to the rate of compensation.

It appears conclusively from the evidence that the third finger of plaintiff's left hand had to be, and was actually amputated, that the little finger and the second finger of the same hand had gotten so stiff that they could not be bent at the joints, and that plaintiff had partially lost the use of his left hand for the purpose of grasping or holding any object. There is some expert medical testimony to the effect that plaintiff was afflicted with some form of rheumatism or arthritis which in addition to non-use, may have caused the stiffness of these fingers. But it is nevertheless true that up to the time of the accident, plaintiff had enjoyed the unobstructed use of his left hand and all its fingers. It may be that plaintiff's physical condition contributed to the stiffness of his fingers and that their non-use may in part account for their condition, but in either event, the proximate cause of plaintiff's disability undoubtedly resulted from the accident. Behan vs. John B. Honor Co., 143 La. 348, 78 So. 589, L. R. A. 1918F, 862.

In view of paragraphs 5 and 16 of subsection (d) of Section 8 of Act 85, page 110 of 1926 the trial judge fixed plaintiff's compensation at three-fifths of the total loss of his hand, and allowed compensation for ninety weeks. We believe that his finding is in accordance with the spirit and letter of the compensation law, and for this reason the judgment appealed from should be affirmed, and it is hereby so ordered.