No. 3931

**Second Circuit**

———

DAVIS v. HAWTHORNE

———

(February 26, 1931.   Opinion and Decree.)
(April 9, 1931.   Rehearing Refused.)

———

James W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellee.

Thompson & Ferguson, of Leesville, attorneys for defendant, appellant.

WEBB, J. Plaintiff, T. E. Davis, an employee of defendant, H. R. Hawthorne, received an accidental injury on October 17, 1929, while performing services incidental to and arising out of his employment, and this action was brought to recover judgment for compensation under the Employers' Liability Statute (Act No. 20 of 1914, as amended).

Plaintiff alleged that his right hand had been caught between a saw and a piece of timber, injuring all of the fingers on the hand to such extent that he had lost the use of his fingers, and he prayed for judgment for compensation at the weekly rate of 65 per cent of his weekly wages of $30 for a period of thirty weeks for the loss of the index finger and for a period of twenty weeks for the loss of each of the other fingers (see section 8, subsection 1, subd. d, paragraphs 2 and 3, of the statute, Act No. 242 of 1928). Plaintiff further prayed that the payments for each period should begin on the date of the injury, and for legal interest on each payment from date of maturity; and, in the alternative, plaintiff prayed for compensation on the basis of partial disability to do work of any reasonable character (section 8, subsection 1, subd. c, of the statute).

Defendant denied the extent of the injury, alleging that plaintiff had entirely recovered therefrom four and one-half weeks from the date of the accident, for which period he admitted plaintiff was entitled to compensation at the weekly rate alleged, or $87.50. Defendant further alleged that plaintiff was indebted to him in the sum of $100 for merchandise, and prayed that plaintiff's demands be rejected and for judgment in reconvention against him in the sum of $25.50, with legal interest from judicial demand.

On trial judgment was rendered in favor of plaintiff as prayed for under the primary demand, and in favor of defendant in the sum of $96, under his reconventional demand, and defendant alone appeals.

In presenting the case here appellant urges that the court erred in awarding compensation as for the total loss of the fingers and in refusing to allow him judgment for the full amount of his reconventional demand.

Considering the contention that the court erred in awarding compensation as for the total loss of the fingers: Appellant admits that the third finger had been injured to such an extent that it was useless, but he urges that the evidence did not establish that there was a loss of the use of the little finger of more than 25 per cent, and of the first and second fingers of more than 50 per cent, and that the amount of the weekly payments should be reduced accordingly.

There was some conflict in the opinions of the physicians relative to the percentage of loss of use as well as to the extent of the injury of the fingers; and if the injury to each of the fingers should be considered separately and distinctly, and compensation awarded on that basis, there might be some doubt as to whether or not plaintiff had sustained a total loss of the use of those fingers. However, all of the physicians agreed that considering the injury to all of the fingers plaintiff was unable to grasp anything with the hand, and while they expressed the opinion that plaintiff would have better use of his hand if the second and third fingers and two

phalanges of the index finger were removed, appellant does not suggest that considering the injury as to the hand a period of ninety weeks would have been excessive. See Giroir v. Celotex Co., Inc., 10 La. App. 141, 119 So. 777.

While it may be that we would not be warranted in awarding compensation for the loss of the use of a hand (section 8, subsection 1, subd. d, paragraphs 5, 15 of the statute) under plaintiff's prayer for compensation for the loss of the use of his fingers, we think the injury of the fingers must be considered as a whole; and the evidence establishing that all of the fingers were permanently injured and that at the time of the trial plaintiff did not have any use of his fingers, we are of the opinion that the judgment awarding compensation for a period of ninety weeks for the loss of the use of the fingers was warranted under the provisions of section 8, subsection 1, subd. d, paragraphs 3, 5, 15 of the statute, and that, if not, such judgment would have been warranted under the decision cited.

Under the decree the payments were ordered to be made concurrently, and in that respect the judgment will be amended so as to make the weekly payments due consecutively for a period of ninety weeks. Rutter v. New Orleans, etc., R. R., 167 La. 570, 119 So. 877; section 8, subsection 3, of the statute.

Relative to the reconventional demand: There was not any evidence which indicates that defendant had advanced plaintiff anything of value in payment of any compensation that may have been due him as the result of the injuries, and it appears that the transaction relative to such advances was entirely separate and distinct from the demand of plaintiff for compensation; and the demand being only for $100 the judgment of the district court was final, and this court cannot consider the appeal. Harper v. King, Gumby's Dec. 64; Todd v. Shreveport Producing & Refining Corporation, 7 La. App. 120; Burt v. Allen, 11 La. App. 290, 123 So. 409; Albany Farm Bureau, etc., Ass'n v. Cogley, 11 La. App. 297, 123 So. 395.

It is therefore ordered that the judgment rendered in favor of plaintiff be amended and that the period of compensation be fixed at ninety weeks, the first payment beginning on October 17, 1929, with legal interest on each payment from date of maturity until paid, and that as thus amended the judgment is affirmed, at appellant's cost.

It is further ordered that the appeal from the judgment on the reconventional demand be dismissed, at appellant's cost.