## GILL v. GULLETT GIN CO.
### No. 1134.

Court of Appeal of Louisiana. First Circuit.
April 17, 1933.

Ponder & Ponder, of Amite, for appellant.

S. S. Reid, of Amite, for appellee.

MOUTON, Judge.

Plaintiff, an employee of defendant company, while hauling iron sheets or tin, suffered injury to three fingers of his left hand.

He received first medical attention from Dr. Lewis of Amite City, where the gin is located.

We will first refer to the testimony of Dr. Lewis, expert for defendant company, as it was said by Dr. Lenoir, called by plaintiff, that the physician who first saw the wound was in a better position to testify in reference thereto. It may be appropriate to remark in connection with the foregoing statement that Dr. Lewis was not the regular physician of defendant company, as it is shown by his testimony, and which is uncontradicted, that parties injured at the mill selected physicians of their choice.

Dr. Lewis testifies that plaintiff had suffered a lacerated wound of the fourth or little finger, the third and second of the left hand. This laceration was of the distal phalanges of the three fingers. There was, he says, a complete fracture of the distal phalange of the fourth or little finger, a split in the bone in the distal phalange of the third, and, in the second, a slight laceration involving the nail and skin of the distal phalange.

The lacerations, says Dr. Lewis, were all of the "distal phalanges of those fingers." There is no material difference in reference to the nature or character of the wound between what is said on this subject by Dr. Lewis and what was said by Drs. Stewart and Lenoir, experts for the plaintiff, whose examinations were subsequent to that of Dr. Lewis.

Dr. Lewis says there was no injury to the second phalange or phalanx of the fourth or little finger nor of the third and second.

Dr. Lenoir, testifying on this subject, says that there was some injury involving the first two joints of the little finger; that it was permanent in the first joint, but in the second temporary, and that it might clear up in the course of time.

Dr. Stewart, the other expert for plaintiff, said: "The whole trouble is in the joint of the little finger," and further, "That below the first joint it doesn't seem to be damaged at all."

The proof therefore shows that the only complete fracture was of the first phalange of the little finger, and that no such injury was suffered in the other fingers. It is, however, well established by the evidence that there was no loss of the second phalange in any of the injured fingers.

In the case of Odom v. Atlantic Oil Producing Company, 162 La. 556, 110 So. 754, the court held as follows: "Employee, losing less than two phalanges of finger, is not entitled, under Act No. 20 of 1914, § 8, subd. 1, cl. (d) as amended by Act No. 216 of 1924, to compensation for phalanges lost, nor under clause (e), as so amended, to compensation for disfigurement or impairment of use of hand occasioned by such loss."

In Bell v. Merchants' Cotton Oil Company, 160 La. 585, 107 So. 436, the court had previously said: "Loss of one phalanx of third finger is not compensable under Employer's Liability Act."

In 162 La. 556, 110 So. 754, the court mere-

518

ly added that compensation was not recoverable in such a case "for disfigurement or impairment of use of hand occasioned by such loss."

As it appears from the evidence in the instant case that plaintiff's loss was less than two phalanges in any of his injured fingers, it is clear that he cannot recover under the ruling of the court in the two decisions above cited.

It is shown that the finger nails of two of plaintiff's fingers were split and rugged, being the result of the wound. Even if such slight injury can be classed as a disfigurement, no compensation is allowable therefor under the statute according to the ruling in 162 La. 556, 110 So. 754.

The evidence shows that as a result of the injury there was some stiffness and atrophy in plaintiff's fingers, but from the preponderance of the evidence given by the medical experts it appears that this impediment is slight, and not permanent, though it could not be fixed with certainty when it would disappear.

Mr. Wallace, superintendent of the defendant company, testifies that plaintiff came to the gin to get work. This visit, the evidence shows, was after he had been discharged by Dr. Lewis as cured. On that occasion, Mr. Wallace says, plaintiff said he wanted his job back.

Mr. Johnson, who on that occasion paid plaintiff his final compensation from defendant company, says he was in the office and heard the conversation between plaintiff and Mr. Wallace. Though Mr. Johnson testified that he could not remember the exact words used by plaintiff on that occasion, he thinks he said, how about getting my job back.

Plaintiff admits he asked Mr. Wallace for work, but denies that he applied for his old job.

Dr. Stewart, plaintiff's expert, said he knew a man that had had his little finger badly crushed, and, although he had lost the use of it, he "was able to do most any kind of work."

Here plaintiff had lost only the first phalange of that finger, and, according to the testimony of his own witness, that impediment would not have incapacitated him from engaging in almost any employment.

The evidence of Dr. Stewart and the other experts leads to the finding that plaintiff's injury was not of a nature which could have disqualified him from resuming his work at the gin where he was employed in hauling iron sheets. Such being the situation, there is nothing to indicate that he would not have applied to Mr. Wallace for re-employment in his usual work.

The facts to which we have alluded in reference to plaintiff's ability to work and the corroborating testimony of Mr. Johnson as to what was said on the occasion of the visit of plaintiff to the office of the company effectually support the statement by Mr. Wallace that plaintiff had applied to him to be re-employed in the same work in which he had been previously engaged. As a matter of fact, plaintiff had suffered no impairment of the use of his hand as a result of the accident. Even if he had, under the ruling in 162 La. 556, 110 So. 754, his claim therefor was not actionable, as his loss was less than two phalanges of any of his fingers.

Counsel for plaintiff refers us to the following cases: Quave v. Lott-Batson Co., 151 La. 1052, 92 So. 678; Cater v. Magnolia Pipe Line Co., 6 La. App. 499; Giroir v. Celotex Co., 10 La. App. 141, 119 So. 777; Durrett v. Eicher-Woodland Lumber Co., 19 La. App. 494, 136 So. 112, 140 So. 867; and McClendon v. Louisiana Central Lumber Co., 17 La. App. 246, 135 So. 754.

In the case of Quave v. Lott-Batson Co., plaintiff had suffered the loss of three fingers and part of the metacarpal bones connecting them with the wrist.

In Cater v. Magnolia Pipe Line Co., the injury received was to the great toe, but had extended and involved the foot, which had at least disabled plaintiff from doing work of any reasonable character and such work as he was doing prior to the accident.

In the case reported in 19 La. App. 494, 136 So. 112, 140 So. 867, plaintiff had fallen against a saw in a mill and was seriously cut. In that case the physicians said plaintiff's hand was in a hopeless condition, and that he had practically no use for it for industrial purposes; and in McClendon v. Louisiana Central Lumber Company, 17 La. App. 246, 135 So. 754, plaintiff suffered the total disability of a leg.

The injuries suffered in the foregoing cases relied upon by counsel for plaintiff resulted in the partial or total loss of the use of the hand, foot, or leg. Complainants were given compensation in those cases under provisions of the Employers' Liability Act (Act No. 20 of 1914, as amended) that have no application to the instant case.

Here the injuries were confined to the distal phalanges of the fingers, were slight in character compared to those mentioned in the above cases, did not impair the use of the hand, and, if there had been any impairment, compensation could not however be recovered, as hereinabove stated. Besides, the injury complained of herein did not incapacitate plaintiff from doing the work in which he had been occupied prior to the accident or of doing work of any reasonable character.

Plaintiff was therefore not entitled to the 65 per cent. of wages claimed for fifty weeks. He was hurt in the early part of 1931, and was paid $92 by defendant company for com-

pensation during his disability. The district judge held that he was paid all the compensation to which he was entitled, in which we find no error.

Judgment affirmed.