No. 2600

Second Circuit

ODON v. ATLANTIC OIL & PRODUCING COMPANY

(April 10, 1926. Opinion and Decree.)
(June 2, 1926. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant —Par. 154, 159.**

Under the Workmen's Compensation Act, Section 8, Subsection 1 (d), of Act No. 20 of 1914, as amended by Act 216 of 1924, there is no provision for the loss of any part less than two phalanges of any finger except the thumb.

2. **Louisiana Digest—Master and Servant —Par. 154, 159.**

One who loses one phalanx of a finger or one phalanx of several fingers cannot recover compensation under Section 8, Subsection 1 (d), or Section 8, Subsection 1 (e), of the Workmen's Compensation Act No. 20 of 1914, as amended by Act No. 216 of 1924.

3. **Louisiana Digest—Master and Servant —Par. 160 (d).**

The bill of the dentist incurred by plaintiff and paid by the defendant will be credited to part of the medical bills paid under Section 8, Subsection 5, of the Workmen's Compensation Act No. 20 of 1914, as amended by Act 216 of 1924.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Edgar A. Odon against Atlantic Oil & Producing Company.

There was judgment for plaintiff and plaintiff appealed.

Judgment affirmed.

Long & McSween, of Shreveport, attorneys for plaintiff, appellant.

John B. Files, of Shreveport, attorney for defendant, appellee.

ODOM, J.  Plaintiff was employed by defendant as a laborer in the oil fields at a weekly wage of $31.50. On May 19, 1925, while at work on a derrick he was accidentally injured and he brings this suit for compensation at $20.00 per week for 400 weeks for total permanent disability under the Workmen's Compensation Law.

He was awarded compensation at $20.00 per week for ten weeks and the sum of $250.00 for medical, surgical and hospital expenses. The defendant was given credit for $200.00 already paid for compensation and for $198.50 paid for medical, surgical and hospital bills. The plaintiff appealed. The defendant does not complain of the judgment.

OPINION

The testimony shows that on the occasion of the accident the plaintiff received an injury to his lip, had three of his teeth knocked out, and also received a

wound on the jaw and one on the nose. In addition thereto, his hand was injured and as a result he lost one phalanx of the index finger, the first phalanx and part of the second phalanx of the second finger, and a portion of the first phalanx of the third finger.

It appears that the wounds on his lip, his nose and his jaw were healed at the time of the trial. He makes no contention that he was seriously and permanently disfigured about the head or face and makes no claim for compensation on that account. His teeth were replaced by a dentist at an expense of $100.00 which was paid by the defendant.

With reference to his hand, he says his thumb is yet a little sore and that he cannot grip things; that when he does so his fingers cramp. He has not done any work since the accident because he says he is not able to work, although he says he has not tried to work. He drives a car and uses that hand on the wheel to some extent. He says he is not entirely well, and was asked:

"In your opinion, will you ever get well?"

And he said:

"Why, certainly, I will get well, but I will never have any fingers. I will never be able to grow any more fingers."

According to the testimony, the net and final result of plaintiff's accident is that he has lost one phalanx of the index finger, the first phalanx and part of the second phalanx of the second finger and part of the first phalanx of the third finger. His hand is not otherwise injured, and all his other wounds have healed, and his teeth have been replaced. There is no testimony in the record of any disability to labor, except that which results from the loss of those portions of his fingers as already described.

Clause (d) of Subsection 1 of Section 8 of Act 20 of 1914, as amended by Act 216 of 1924, provides compensation for the loss of the fingers and reads in part as follows:

"The loss of the first phalanx of the thumb, or two phalanges of any finger or toe shall be considered to be equal to the loss of one-half of such members, and the compensation shall be one-half of the amount above specified."

The statute, therefore, does not provide compensation for the loss of any part less than two phalanges of any finger except the thumb. As plaintiff has not lost as much as two phalanges of any finger, he is not due any compensation for the injury to the hand, and under the decision of the Supreme Court in the case of Fred Bell versus Merchants Cotton Oil Company, handed down very recently and not yet reported, but which became final on March 1 this year, he is not entitled to compensation under clause (e) of Subsection 1 of Section 8 of the statute. Therefore the only compensation which can be awarded plaintiff is for the time he was rendered unable to work on account of the accident.

The testimony shows that immediately following the accident he was sent to a sanitarium where he remained for twenty-six days. At the end of that time he went to his home where he was treated by a physician until July 4 or 5, when he was discharged. He was, therefore, in the sanitarium and under the treatment of a

physician for approximately seven weeks. The court awarded him compensation for total disability for ten weeks at $20.00 per week and gave credit for the amount paid, which was $200.00. Under the law that is as much as he was entitled to receive. He was also awarded $250.00 for medical expenses under Subsection 5 of Section 8 of the Act which provides that:

"The employer shall in every case coming under this Act furnish the employee reasonable medical, surgical and hospital services and medicines not to exceed two hundred and fifty dollars in value. * * *"

It is admitted that defendant paid the sanitarium bill amounting to $98.00 and the bill of the dentist amounting to $100.00, a total of $198.50.

But it is in evidence that plaintiff incurred other medical expenses amounting to more than the difference between the amount paid by defendant and the sum due under the compensation statute as awarded by the court. Therefore the defendant is due the plaintiff the balance of $51.50.

Counsel for defendant in oral argument before this court stated that defendant had sent plaintiff to a dentist of its own selection and had paid his bill amounting to $100.00 and for that reason it should not have credit for that amount paid but should pay that amount on other bills incurred by plaintiff, and suggested to the court that it would have been to plaintiff's advantage to have the other medical bills paid rather than the fee of the dentist.

Plaintiff, however, is in no position to complain, for we find on page 12 of the testimony that he testified as follows:

"Q. Now, the other physicians that you went to, did they have you go to them?
"A. No, sir; I went to no one except Doctor Cowen and Doctor Crain; of course, they had me to go to the dentist.
"Q. They had you to go to the dentist?
"A. Yes, sir, that was agreed to between us, I suppose about the dental work."

If it was to plaintiff's interest to have other medical expense paid by the defendant and he so desired, he should not have agreed to have the dental work done at the expense of the defendant.

We see no error in the judgment of the District Court and it is therefore affirmed with costs.