OVERTON, J.
 

 in May, 1925, plaintiff was in the employ of defendant, doing work connected with the drilling of oil wells in the parish of Bossier, and was receiving as compensation $31.50 a week. While on a derrick, adjusting a traveling block for defendant, he was jerked and thrown on a wheel, receiving certain injuries as a result. He brought this suit against defendant, under the Employers’ Liability Act, to recover compensation for the injuries so received, claiming it in the sum of $20 a week for a period of 400 weeks, -and also to recover $250 for medical, surgical, and hospital expenses.
 

 Plaintiff alleges that the injuries received by him consist of the loss of the first, second, and third fingers of the right hand, which it became necessary to amputate; that they also consist of the mashing and bruising of his hand, which caused injury to his entire right arm and shoulder and the impairment, derangement, and displacement of the nerves, bones, ligaments, muscles, and tissues of his right hand and arm, and that they also consist of the breaking of his nose, the permanent disfigurement of his face and lips, and the loss of three of his lower front teeth.
 

 The Court of Appeal did not find plaintiff’s injuries as serious as he alleged them to be. The court says:
 

 “According to the testimony, the net and final result of plaintiff’s accident is that he has lost one' phalanx of the index finger, the first phalanx, and part of the second phalanx of the second finger, and part of the first phalanx of the third finger. His hand is not otherwise injured, and all his other wounds have healed, and his teeth have been replaced. There is no testimony in the record of any disability to labor, except that which results from the loss of those portions of his fingers, as already described.”
 

 The Court of Appeal (Odom v. Atlantic Oil & Producing Co., 4 La. App. 286), in passing on the right to compensation for the loss of the phalanges of the fingers, said:
 

 
 *559
 
 “Clause id) of subsection 1 of section 8 of. Act 20 of 1914, as amended by Act 216 of 1924, provides compensation for the loss of the fingers and reads in part as*follows:
 

 “ ‘The loss of the first phalanx of the thumb, or two phalanges of any finger or toe shall be considered to be equal to the loss of one-half of such members, and the compensation shall be one-half of the amount above specified.’
 

 “The statute therefore does not provide compensation for the loss of any part less than two phalanges of any finger except the thumb. As plaintiff has not lost as much as two phalanges of any finger, he is not due any compensation for the injury to the hand, and under the decision of the Supreme Court in the case of Fred Bell v. Merchants’ Cotton Oil Co., handed down very recently and not yet reported, but which became final on March 1, this year, 160 La. 585, 107 So. 406 [436], he is not entitled to compensation under clause (e) of subsection 1 of section 8 of the statute [relating to the impairment of the usefulness of a member or of any physical function].”
 

 The court then, after expressing the view that the only compensation (not referring to surgical and hospital expenses) that can be allowed plaintiff is for the time he was rendered unable to work, and, in passing on the compensation and the surgical and hospital expenses that should be allowed, said:
 

 “The testimony shows that immediately following the accident he [plaintiff] was sent to a sanitarium where he remained for 26 days. At the end of that time he was sent to his home where he was treated by a physician until July 4 or 5, when he was discharged. He was, therefore, in the' sanitarium and under the treatment of a physician 'for approximately seven weeks. The court [trial court] awarded him compensation for total disability for ten weeks at $20 per week and gave credit for the amount paid, which was $200. Under the law that is as much as he was entitled to receive. He was also awarded $250 for medical expenses under subsection 5 of section 8 of the act [Act 216 of 1924] which provides that:
 

 “ ‘The employer shall in every case coming under this act furnish the employee reasonable medical, surgical and hospital services and medicines not to exceed two hundred and fifty dollars in value. * * * ’
 

 “It is admitted that defendant paid the sanitarium bill amounting to $98.50, and the bill of the dentist amounting to $100, a total of $198.50.
 

 “But it is in evidence that plaintiff incurred other medical expenses amounting to more than the difference between the amount paid by defendant and the sum due under the compensation statute as awarded by the court. Therefore the defendant is due the plaintiff the balance of $51.50.”
 

 We think that the Court of Appeal is correct in holding that, as plaintiff did not ■lose as many as two of the phalanges of any one of his fingers, he is not entitled to compensation for the phalanges lost, for the Employers’ Liability Act, as amended by Act No. 216 of 1924, the statute in force at the time, of the accident, nowhere provides for the loss of fewer than two phalanges of a finger, and, in fact, impliedly negatives the idea that, compensation may be granted for the loss of fewer than two. We also think that the court is correct in holding that plaintiff cannot recover compensation under clause (e) of subsection 1 of section 8 of the act, for' the disfigurement or the impairment of the use of his hand, occasioned by the loss of the phalanges mentioned, for the act impliedly negatives that he may. Bell v. Merchants’ Cotton Oil Co., 160 La. 583, 107 So. 436. As relates’ to the period during which plaintiff was unable to work by reason of his accident we are not prepared to say that the court erred in fixing it, and so far as relates to the compensation allowed plaintiff because of his inability to work for that period, and the award fon medical, surgical, and hospital expenses, we think that the judgment is correct, and also think that the court was correct in allowing the credits it did. However, as relates to compensation under clause (e) of subsection 1 of section 8 of the act, for the loss of plaintiff’s three lower teeth, we think that the court erred in not allowing it. The clause mentioned provides that:
 

 “In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a member or any physical function is seriously permanently
 
 *561
 
 impaired, the court may allow such compensation as is reasonable in proportion to the compensation hereinabove - specifically provided in eases of specific disability above named, not to exceed sixty-five per centum of wages during one hundred weeks.”
 

 The reason why the Court of Appeal did not allow compensation under clause (e) for the loss of the teeth does not clearly appear. However, it is likely that it did not because it considered that there was no specific demand for compensation under that clause, or because the teeth have been replaced by false ones, and, in its opinion, no serious permanent disfigurement or serious permanent impairment of a physical function has resulted.
 

 It is true that there is no specific demand for compensation .under the clause, but there is a prayer for general relief, and for a judgment for more than sufficient to cover any judgment that may be rendered in this case, and besides there is an allegation alleging disfigurement of the face, as well as one setting forth the loss of the teeth. In view of these allegations and of the prayers mentioned, and moreover in view of the fact that the technical rules of pleading are not binding under, the Employers’ Liability Act, we think that the question as to whether plaintiff is entitled to compensation under clause (e) should be considered.
 

 In our opinion, the loss of three lower front teeth is a serious permanent disfigurement. Moreover, such a loss, within the contemplation of clause (e), is a serious permanent impairment of a physical function, since it interferes with the one, sustaining the loss, in eating. The fact that the teeth may be, and in this instance were, replaced does not wholly remove the disfigurement or the impairment, or the seriousness of either, though it lessens it. The case does not come within the exception that the clause makes with reference to cases already provided for, and, in our view, plaintiff should be allowed' compensation for this injury.
 

 The law (clause [e]) vests the court with some discretion in fixing the amount that may be allowed per week as compensation, though not in fixing the number of weeks for which the allowance may be made. This the law fixes at 100 weeks. In this instance, we think that a reasonable compensation would he §3 a week for 100 weeks.
 

 We find no other error in the judgment.
 

 For the reasons assigned, the judgment of the Court of Appeal is amended by allowing plaintiff said additional compensation of §3 a week for 100 weeks, and, as amended, it is-affirmed, defendant to pay the costs of this writ and of the appeal.
 

 ST. PAUL, J„ concurs in the decree.
 

 O’NIELL, C. J., takes no part.