## No. 3234

### Second Circuit

———

### WALLACE v. NATURAL GAS AND FUEL CORPORATION

———

(June 28, 1928. Opinion and Decree.)

———

*(Syllabus by the Editor)*

1. **Louisiana Digest—Master and Servant —Par. 159.**

   Where injured employee's lower jaw had been fractured and his face disfigured besides partial disability caused by the accident, he is entitled to compensation under Paragraph 16, subdivision (d), subsection 1 of section 8 of Act No. 85, 1926, amending Act 20 of 1914, of sixty-five per cent of his wages for not more than one hundred weeks.

2. **Louisiana Digest—Master and Servant —Par. 160 a, 160 b.**

   Under Paragraph 18, subdivision (d), subsection 1 of section 8 of Act No. 85 of 1926 amending Act 20 of 1914, the Workmen's Compensation Act, where compensation has been paid, it should be deducted from the judgment of the court allowing compensation.

Appeal from the Eighth Judicial District Court, Parish of LaSalle. Hon. F. E. Jones, Judge.

Action by Lonnie B. Wallace against Natural Gas and Fuel Corporation.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

John B. Files, of Shreveport, attorney for defendant, appellant.

WEBB, J. The plaintiff, L. B. Wallace, while employed by the defendant, Natural Gas & Fuel Corporation, sustained injuries on July 27, 1926, in an accident arising in the course of and out of his employment which immediately resulted in disabling him until February 18, 1927, for which he was paid the maximum compensation allowed under the Employers' Liability Law (Act No. 20 of 1914) or twenty dollars per week, and on the 7th day of September, 1927, he filed the present action to recover judgment for additional compensation, and on trial judgment was rendered in his favor for compensation at the rate of twenty dollars per week during the period of his disability, for not more than one hundred twenty-eight weeks, beginning on July 27, 1926, less the sum of five hundred sixty dollars to be deducted from the first payments due, and defendant appealed.

Defendant urges that the judgment was erroneous, apparently contending that the plaintiff was entitled to receive compensation only for disability and not for specific injuries, and that the evidence failed to establish any disability beyond the period for which compensation had been paid, and in any event that the period of compensation for disfigurement could not be fixed beyond one hundred weeks, from which there should be deducted the amount of compensation previously paid, and further, that the amount of the weekly payments was excessive.

The evidence established that plaintiff's lower jaw had been fractured in several places, resulting in the loss of eight of his lower teeth and one of the upper, and after treatment his jaws were out of alignment, and scars or depressions were apparent on his face, all of which noticeably disfigured his face, and that his ability to speak was impaired, and that it was difficult for him to eat solid food, and that such conditions would be permanent.

While the injuries may be said in a general way to tend to disable plaintiff to work by finally resulting in an impairment of his health, the evidence did not establish that he had been disabled after February 18, 1927, or indicate that there could have been more than partial disability, and we are of the opinion that he was entitled to compensation under the provisions of paragraph 16, subdivision (d), subsection 1 of section 8 of the statute as amended by Act No. 85 of 1926, which reads:

"In cases not falling within any of the provisions already made where the employee is seriously permanently disfigured about the face or head or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as is in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not exceeding sixty-five per cent. of wages during one hundred weeks."

The judgment appealed from appears, from the written statement of the findings of the court, to have been based on the paragraph quoted but to have been so written as not to allow credit for the

payments admitted to have been made, and we think it was erroneous in that respect.

Paragraph 18, subdivision (d), subsection 1 of section 8 declares:

"Where compensation has been paid under subdivisions a, b or c of this schedule, the amount of such ·payment shall be deducted from any compensation allowed under subdivision (d) or subsection 2 of the section (8)."

And we are of the opinion it must be given effect, and in the present instance the evidence does not indicate that it will result in any injury to plaintiff, as if compensation was allowed on the basis of partial disability plaintiff would have to account for the amount received, and the total compensation, even though the period of payments would be longer, would be less, and we do not think that the defendant can complain even though it would be responsible on the theory of partial disability for less than for specific disability or disfigurement and impairment when the evidence clearly shows that plaintiff is entitled to compensation and the disfigurement and impairment is shown of such seriousness as to warrant the weekly payment being fixed at the maximum.

Considering the disfigurement and impairment of the physical functions resulting from the injury, and the amount which plaintiff is shown to have earned prior to the accident, we are of the opinion that the amount of the weekly payments was properly fixed at the maximum provided by the statute, but that the decree should have fixed the period of payment' during one hundred weeks, subject to credit of the sum of five hundred sixty dollars, or the period during which the payments were made, or twenty-eight weeks, and the judgment is amended as to fix the period of payment for the period during one hundred weeks, less twenty-eight weeks, the payments to begin on February 18, 1927, with legal interest from that date, and that the judgment as amended be affirmed, the cost of appeal to be paid by plaintiff.