No. 3439

Second Circuit

———

McBRIDE v. NATURAL GAS & FUEL
CORPORATION

———

(January 21, 1929.   Opinion and Decree.)

———

Julius T. Long, of Shreveport, and A.
Leonard Allen, of Winnfield, attorneys
for plaintiff, appellee.

Thompson and Ferguson, of Leesville,
attorneys for defendant, appellant.

WEBB, J.  Plaintiff, William C. McBride,
while in the employment of defendant,
Natural Gas & Fuel Corporation, sustained
an injury in which his lower jaw was frac-
tured, resulting in some retrusion of the
lower jaw and facial disfigurement, and
the loss of all of his lower and two of his
upper teeth, which disabled him for a
period of eight weeks, for which period he
was paid the maximum compensation of
twenty dollars per week, but plaintiff hav-
ing resumed his work after the period of
disability, at the same wages as he re-
ceived before the accident, defendant re-
fused to pay further compensation, and
plaintiff instituted suit for additional com-
pensation, and judgment being rendered in
his favor for the maximum weekly com-
pensation of twenty dollars, for a period
not exceeding one hundred and eight weeks,
beginning on August 4, 1927, with legal in-
terest on the weekly payments from ma-
turity, subject to a credit of one hundred
sixty dollars, compensation paid during
the period of disability, defendant appeals
from the judgment, urging that the court
erred in allowing the maximum weekly
compensation, and in fixing the period of
compensation at one hundred and eight
weeks.

It is conceded that the loss of the teeth
was a serious, permanent impairment of a
physical function within the meaning of
paragraph 16, subdivision (d), subsection
1, section 8 of the Employers' Liability
Law (Act No. 20 of 1914, as amended by
Act No. 85 of 1926), but it is contended
that, due to a malformation, or retruding
lower jaw, plaintiff did not have normal
ability to chew his food before the acci-
dent, and that the retruding jaw caused
some facial disfigurement, and that those

facts should be considered in determining the extent of the impairment of the physical function resulting from the loss of his teeth, and of the facial disfigurement noticeable after the accident.

The evidence does not indicate that plaintiff had any trouble in eating, or that there was any noticeable disfigurement of his face prior to the accident, and although it may be that the malformed jaw may render it impossible for the impairment resulting from the loss of the teeth to be remedied, to the usual extent by the use of false teeth, such condition would not be of any significance in determining the extent of the impairment of the function resulting from the accident, and as the evidence does not show that the malformed or retruding jaw caused any noticeable disfigurement of the face which became noticeable after the accident, we do not think the original malformation could be a factor, in determining the extent of the disfigurement.

The trial court saw the plaintiff and was in a better position than we are to determine the extent of the facial difigurement, and the evidence showing that the impairment of plaintiff's ability to eat, as the result of the accident, can only be remedied to a very limited extent, we cannot say that the court erred in allowing the maximum weekly compensation; but in view of the right to compensation, coming under paragraph 16, subdivision (d), which provides that the period of compensation shall be one hundred weeks, and the provision of paragraph 18 of the same subdivision, which provides for the deduction of any payments made for disability where compensation is allowed under subdivision (d), the period of compensation should have been for one hundred weeks, subject to credit of one hundred sixty dollars, or a deduction of eight weeks, for compensation paid during the period of disability (Wallace vs. Natural Gas & Fuel Corporation, 8 La. App. 614).

It is therefore ordered that the judgment appealed from be amended, fixing the period of payment of compensation for a period not exceeding one hundred weeks, less eight weeks, the payments beginning on September 29, 1927, and bearing legal interest from maturity, and that as thus amended the judgment is affirmed, plaintiff to pay cost of appeal.