No. 3524

Second Circuit

SMITH, SR., ET AL. v. L. H. GILMER
CO. OF LA., INC.

(July 1, 1929. Opinion and Decree.)

Mabry & Carstarphen, of Shreveport, attorneys for plaintiffs, appellants.

Barnette & Roberts, of Shreveport, attorneys for defendants, appellees.

WEBB, J. Plaintiff, representing his minor son, brought this action to recover judgment against defendant for compensation for disability and disfigurement alleged to have resulted from injuries sustained by his son while employed by defendant, and plaintiff appeals from a judgment rejecting his demands.

It is established that plaintiff's son, while in the course of his employment with defendant, received an accidental injury arising out of his employment, for which he was paid sixty-five per cent of his weekly wages of $15 for a period of thirty-two weeks. It is contended, however, that he had fully recovered from any disability resulting from the injuries at the time defendants ceased payments and that there was not any impairment of any physical function or facial disfigurement as the result of the injuries, and that no further compensation was due.

The evidence shows that plaintiff's son, who was seventeen years of age, was employed by defendant to operate a machine at a factory conducted by defendant, and that in some way the employee's clothing was caught in the machinery and that his head and body were

drawn into the machine, with the result that his lower jaw was broken and his face lacerated and body bruised, and plaintiff contends that the injury had resulted in an impairment of his son's health to such extent as to permanently totally disable him to do work of any reasonable character, and plaintiff prayed for judgment for compensation at the rate of sixty-five per cent of the weekly wage earned by his son, for the period of disability, not to exceed four hundred weeks, less compensation paid, and for general relief.

There was some evidence offered tending to show that the injury had resulted in permanent disability, in that the young man stated that he had suffered with dizziness, headache, and pain in his back since the accident to such an extent that he was unable to work, and other evidence was offered to corroborate his statement, as that he had not done any continuous work since recovering from the immediate disability resulting from the accident to the date of the trial, or about twelve months. However, the physicians who attended the young man after the accident as well as those who examined him prior to and at the date of the trial, did not find there was anything which would indicate that the dizziness, headache or pains in his back of which he complained resulted from the injury received at the time of the accident, and the only suggestion that any such ailments could have resulted from the accident was by one of the physicians, who expressed an opinion that some injury to the heart may have been sustained in the accident, of which, however, it was conceded there were not any objective symptoms, and conceding that the young man suffers with dizziness, headaches or other pains, which disable him, the evidence does not

establish that such ailments resulted from the injury sustained in the accident, and plaintiff's demands for compensation for disability were properly rejected.

As to the claim for compensation for serious permanent impairment of a physical function, and serious permanent disfigurement, the evidence shows that as the result of the accident it was necessary to remove a portion of the jaw bone and two teeth, and that after the lacerations of the face had healed, there were scars on the jaw and notches which, it was said by one of the physicians called by defendant, would be a serious disfigurement on the face of a woman.

In Odom vs. Atlantic Oil Producing Co., 162 La. 556, 110 So. 754, it was held that, under the provision of the statute reading "in cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a member or any physical function is seriously permanently impaired, the court may allow such compensation as is reasonable in proportion to the compensation hereinabove specifically provided in cases of specific disability above named, not to exceed sixty-five per centum of wages during one hundred weeks," the loss of three front teeth was a serious permanent disfigurement, and constituted a serious impairment of a physical function, although the teeth had been replaced by a bridge.

While the loss of jaw teeth would not be such a serious disfigurement as the loss of front teeth, it would be equally as serious an impairment of a physical function, and in the present instance it being shown that there was a loss of a part of the jaw bone and that there was a noticeable disfigurement of the face by

reason of the scars resulting from the injury, we are of the opinion plaintiff should recover under paragraph 16, clause (d), subsection 1, section 8, of the present statute (Act No. 85 of 1926) which is practically identical with the provision quoted in Odom vs. Atlantic Oil Producing Co., supra.

The provision vests the court with discretion as to the amount of the weekly payments, but fixes the period of compensation at one hundred weeks, and we think that a reasonable compensation would be $5 per week for a period of one hundred weeks, less the amount previously paid of $304 (par. 18, clause (d), subsection 1, section 8).

The accident occurred on May 24, 1927, and from that time to the date of the decree herein, a period of one hundred weeks will have elapsed, and we think that judgment may properly be rendered for the amount of $500, less $304, with legal interest from date of the decree.

The judgment appealed from is therefore avoided and reversed, and it is now ordered that plaintiff, Joe Smith, have and recover judgment against defendant, L. H. Gilmer Company of Louisiana, Incorporated, for the use and benefit of his minor son, Joe Smith, in the sum of $500, less $304, with legal interest from date and all costs of suit.