## FRANKLIN v. LOUISIANA HIGHWAY COMMISSION.
### No. 4657.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Lewis L. Morgan, of New Orleans, and E. R. Stoker, of Baton Rouge, for appellant.

Albert P. Garland, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff, employed by the Louisiana highway commission in repairing the paved highway between Shreveport and Coushatta, is claiming compensation under Act No. 20 of 1914, as amended, for injuries sustained on December 20, 1930, by being struck while at work, by a passing automobile. He alleges that he was knocked a distance of ten or twelve feet on the concrete, and suffered severe injuries. Compensation is claimed under paragraph 16 of subdivision (d), subsec. 1, section 8 of the act as amended by Act No. 242 of 1928, p. 385, which provides for cases not falling within any other provisions of the act, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired.

The impairments claimed are that as a result of injuries received in the accident he is almost deaf in one ear; his tongue is partially paralyzed; his nervous system upset; his left wrist weakened and painful; his nasal septum deflected; and that he is seriously and permanently disfigured about the head; that because of the injuries and disfigurement he is entitled to recover $17.75 per week for 100 weeks, less a credit of $258.50. He asks that his right and that of his dependents to hereafter sue for disability or death be reserved.

The answer alleges the payment of all compensation due.

From a judgment in favor of plaintiff for 100 weeks, at the rate of $17.55 per week for 15 weeks, and $10 per week for 85 weeks, less

a credit of 14 weeks at $17.55 per week, with legal interest on the deferred payments and costs, defendant has appealed. Plaintiff answered the appeal, asking for an increase to the amount prayed for.

■ The evidence establishes the right of plaintiff to some compensation, and his weekly wage at $27. As he has only asked for compensation under paragraph 16 of subsection 1, subdivision (d), of section 8 of the act, as amended, excluding any further recovery by the reservation of any rights resulting from disability or death, the period for which compensation can be allowed is fixed by the terms of the act at 100 weeks, leaving to be determined the amount of the weekly payments. Odom v. Atlantic Oil Producing Co., 162 La. 556, 110 So. 754.

■ The claim of disfigurement about the head is based upon a small scar seven-eighths of an inch long, difficult to discover and located three inches above and slightly back of the ear. There is no evidence in the record that this scar is apparent or causes any disfigurement. Where such a scar mars and detracts from the natural expression of the face, recovery should be allowed (Dickson v. U. S. Sheet & Window Glass Co., 3 La. App. 83); but where the scar is so small, so located, and of such a character that it is not apparent, no recovery is permitted (Chisholm v. Jahncke Dry Docks, 10 La. App. 323, 121 So. 684; DeSoto v. Magnolia Pipe Line Co., 9 La. App. 205, 119 So. 889).

We, then, in this case can only allow compensation for the serious permanent impairment to the usefulness of some physical function.

Plaintiff claims that the heavy blow upon the head fractured his skull and injured his nervous system to such an extent that he is subject to occasional spells of dizziness. The X-ray pictures taken under difficulties fail to disclose a fracture, but the fact that plaintiff was unconscious for over a week, and that blood was found in the spinal fluid, makes its existence more than probable. Such a nervous condition as that complained of is a natural result of plaintiff's injuries. He claims further that, though he went back to work 15 weeks after the injury, and has performed his duties acceptably since that time, he has to favor his wrist, which is still weak and painful. The X-ray discloses that the arm was broken just above the wrist joint, and that there is good union of the bone. There is no physical reason for any permanent impairment of the wrist, though the experts will not deny that it is still weak and painful. He suffered a deflection of the septum to the extent that one nostril is almost closed, making it difficult to breathe through it. This can be repaired by an operation costing about $100. The blow on the head partly closed his left Eustachian tube, causing a one-eighth impairment of the hearing in that ear. The other ear is normal. The physicians testify that an impairment of the hearing to this extent is slight, quite common, and is not material. The testimony shows that plaintiff can distinguish whispers at a distance of thirteen feet.

Plaintiff claims further that due to the nervous injury he could not talk well for a long time. That this trouble has greatly improved, but that the tongue once in a while wants to "tie up"; that he cannot talk as well as he could before the accident.

There is no doubt that plaintiff suffered a terrific blow. He is fortunate not to have suffered more serious injury. His testimony is unusually fair and reasonable and is borne out in the main by that of the experts.

■ The act provides that, for injuries coming under said paragraph 16, "the Court may allow such compensation as is reasonable and as is in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks." The rule as to proportionate compensation not being of much help in the present case, we are only guided by the provision that it must be reasonable and within the 65 per cent. limit. It is proper to take into consideration the cumulative effect of the injuries suffered. Porter v. Alfred S. Amer. Co., Ltd., 146 La. 618, 83 So. 852.

■ We think that the judgment of the lower court is erroneous in so far as it allows $17.55 per week for the 15 weeks, that amount apparently being based upon the total disability of the employee for that period. The allowance under paragraph 16 is for a permanent condition, and therefore should be for the same amount for each of the 100 weeks. As stated above, no allowance can be made in this case for disability, as that element is expressly excluded from the case by the pleadings. We think the allowance of $10 per week, considering the cumulative effect of the impairments proven, should be somewhat increased. Under the provisions of paragraph 18 of subdivision (d), subsection 1, section 8 of the act, as amended by Act No. 242 of 1928, p. 385, the compensation paid for the 14 weeks that plaintiff was unable to work should be deducted from the amount allowed. McBride v. Natural Gas & Fuel Corp., 9 La. App. 513, 119 So. 722; Wallace v. Natural Gas & Fuel Corp., 8 La. App. 614.

Defendant filed a motion to remand the case in order to determine the extent of plaintiff's disability. As the question of disability does not enter into the case under the pleadings, there is no reason to remand it.

For the reasons above assigned, the judgment appealed from is amended by fixing the amount of compensation allowed plaintiff at $12 per week during 100 weeks, less the credit allowed; and as amended it is affirmed.