**SADLER v. MAY BROS., Inc.**

**No. 1911.**

Court of Appeal of Louisiana. First Circuit.

Dec. 19, 1938.

Pecot & Bauer, of Franklin, for appellant.

Julius T. Long, of Shreveport, for appellee.

LE BLANC, Judge.

Plaintiff alleges in his petition that on May 24, 1937, he was in the employ of the defendant, May Bros. Inc., under Dan Wilson, either a foreman or contractor, and that he was operating a motor truck used to haul logs to the defendant's sawmill in the Parish of St. Landry, being paid a daily rate of wage of $2.

He sets out that on the date mentioned, he was driving a pair of mules hitched to a log, which was to be loaded on the truck, when a piece of timber used as a stretcher on the chains constituting part of the equipment by which the mules carried the logs, flew out of its place and struck him on the lower left jaw, knocking him unconscious and throwing him down on some hard substance on the ground. He alleges that as a result of that accident he suffered injuries which have totally and permanently disabled him from doing work of any reasonable character. He lists quite a large number of such injuries but the most seri-

ous may be said to be a fracture of the lower jaw-bone and consequent impairment of all his teeth, and also an injury to the vertebrae, muscles and ligaments of the lower spine.

He has instituted this suit to recover compensation as for total permanent disability at the rate of $7.80 per week which is 65% of his daily average wage, for a period of four hundred weeks and for medical and hospital bills in the sum of $177.

The defendant, for answer, admits that plaintiff sustained an injury as a result of the accident alleged in his petition from which he was incapacitated from March 24, 1937, to May 10, 1937, for which he is entitled to compensation amounting to the sum of $52, and in addition thereto, he is entitled to recover the sum of $76 for medical services on account of his said injuries, which amounts, it alleges, have already been tendered him and are again so tendered. For further answer, defendant alleges that at the time plaintiff was injured, he was in the employ of and was driving a truck for Dan Wilson, an independent contractor, and it further avers that under the law it is entitled to call the said Dan Wilson in warranty and to recover against him in the event it should be cast in a judgment in favor of the plaintiff.

In answer to the call in warranty, Dan Wilson denied that he was an independent contractor and in setting out his relation with both parties, averred that he rented the log truck, including the services of plaintiff as driver, to the defendant at a given price per day and that the truck had been used by the defendant under that arrangement for several months.

Upon trial of the issues as thus presented, the lower court rendered judgment in favor of the plaintiff awarding compensation at the rate as prayed for by him for seven weeks and five days total disability and as the court also concluded that the injury to plaintiff's lower jaw-bone constituted the serious permanent impairment of a physical function, an additional award of one hundred weeks compensation at the same rate was made. The court also awarded the sum of $76 for medical expenses, which amount however, as well as the sum of $52 on account of compensation for total disability which had been tendered, defendant was allowed to offset. The call in warranty made on Dan Wilson was dismissed.

From the judgment rendered the defendant has appealed and plaintiff has now answered the appeal asking that the offsets as therein allowed, be stricken out, the same not having been properly tendered, and that the award for medical expenses be increased from the sum of $76 to $131.

The testimony was convincing that the plaintiff had recovered on May 11, 1937, to the extent that he was able to return to work which if anything was a bit harder to perform than that which he had been doing before. In fact, it is now conceded by counsel for plaintiff that the period of disability lasted only from March 24, 1937, to May 10, 1937, or a total at the most, of seven weeks. Plaintiff's recovery therefore as for total disability must be limited to that period and as the rate of compensation is not disputed, an award on this item necessarily must be for the sum of $54.60.

The important issue in the case is whether or not plaintiff is entitled to a further award under the provisions of Section 8, subsection 1(d), paragraph 16, of Act No. 242 of 1928, p. 358, for the serious permanent impairment of a physical function arising out of the injury to his lower jaw-bone. That provision in the law reads as follows:

"In cases not falling within any of the provisions already made where the employee is seriously permanently disfigured about the face or head or where the usefulness of a physical function is seriously permanently impaired, the Court may allow such compensation as is reasonable and as is in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks."

The lower court concluded, from plaintiff's own testimony and that of Dr. C. L. Attaway, that the injury referred to could properly be classified as one producing "a serious permanent physical function of the head and face" and thus compensable under that provision of the law just quoted. As already noted, it allowed plaintiff one hundred weeks at $7.80 per week on this item.

With regard to this injury plaintiff testified that his jaw was split from what he calls "the back of my jaw to the point of my chin", and that two of his teeth were broken off. As a consequence, he complains of being unable to chew hard foods.

The testimony of Dr. Attaway is to the effect that when he examined plaintiff in May, 1937, he was suffering from a fracture of the lower jaw. Whilst the doctor does state, in answer to the direct question, that plaintiff has what he would call "a serious permanent impairment of his ability to masticate food" a reading of his testimony on cross-examination leaves us with the definite impression that he was referring to a condition which existed at the time he made his examination in May, 1937, and not to what was the condition on the day he was testifying, some eleven months later. He persists in saying that he has not seen the plaintiff since May, 1937.

Dr. R. C. Scott who treated the plaintiff at the time he was injured, testifies that he had a fracture of the lower jaw which he set for him and that on May 4, 1937, when he discharged him, plaintiff had fully recovered from the effects of the injury he had sustained.

Dr. B. Donaldson also examined the plaintiff as an industrial risk in October, 1937, found nothing wrong with him, and neither did plaintiff complain to him of any injuries.

■■ On the testimony thus found in the record it can not be definitely stated that plaintiff has suffered a serious permanent injury from the fracture of his jawbone. If he is suffering any impairment in the physical function of masticating food it must be as a result of his having had two of his teeth broken off. It does not seem to be disputed that to that extent, he has some impairment. Defendant contends that it is not of such serious nature as to bring it within the contemplation of that provision of the statute here invoked on his behalf. However, in the case of Odom v. Atlantic Oil Producing Company, 162 La. 556, 110 So. 754, the Supreme Court found that the loss of three teeth which had been replaced, constituted a serious permanent impairment of a physical function since it interfered with the one, sustaining the loss, in eating. Clearly that decision is authority for us to hold that the injury in this case which amounted to the breaking off of two teeth, which have not been replaced, constitutes a similar impairment, and as was also held in that case the court is vested with discretion under the particular section of the Compensation Statute here invoked in fixing reasonable compensation for such, as is in proportion to that specifically provided for in cases of specific disability. Inasmuch as the nature of the impairment is the same as was that in the case cited, we will, availing ourselves of our discretion in the matter, fix the amount at the same rate as was therein allowed, which is $3.00 per week. The law fixes the period at one hundred weeks, so the award here will be at $3.00 per week for one hundred weeks.

■■ We do not believe that the plaintiff is entitled to the increase asked for in his answer to the appeal on the item for medical expenses. His demand is based on the extra attention, care and nursing which he says he received at home after he returned from the hospital. We find no authority in the compensation statute for making such an award. The law compels the employer to furnish "reasonable medical, surgical and hospital services and medicines not to exceed $250.00." Such services were furnished by the employer in this case to the amount of $76 which amount was properly awarded by the district judge on the testimony given before him. The tender made by the defendant of the two amounts of $52 and $76 was in the form of checks, which of course do not constitute legal tender and the plaintiff is entitled to recover judgment without regard to the said checks.

■ The lower court properly dismissed the call in warranty made on Dan Wilson as under the testimony adduced he bore no relation whatever towards the defendant except that of the owner of a truck which he had hired out to it, together with the services of the plaintiff as driver. Wilson himself had no supervision or control whatever over the plaintiff who was responsible only to the defendant for the work which he performed.

The conclusions which we have reached make it necessary for us to revise and amend the judgment of the lower court and for the reasons stated it is now ordered that the judgment appealed from be and the same is hereby amended by fixing the amount of compensation for total disability at the rate of $7.80 per week for a period of seven weeks and that the further compensation allowed as for serious impairment of a physical function be decreased from the sum of $7.80 per week for one hundred weeks to the sum of $3 per week for one hundred weeks, and that as thus revised and amended the judgment be affirmed.

84

It is further ordered that the defendant be permitted to withdraw from the registry of the court the checks tendered by it in payment to the plaintiff herein.