56 So.2d 429 (1952)
MACALUSO
v.
SCHILL-WOLFSON, Inc. et al.
No. 19788.
Court of Appeal of Louisiana, Orleans.
February 4, 1952.
James E. Courtin and Sidney F. Braud, New Orleans, for plaintiff and appellee.
May & Carrere, New Orleans, for defendants and appellants.
JANVIER, Judge.
Salvador Macaluso, plaintiff, a carpenter, while in the course of employment and as a result of an accident arising therefrom, sustained an injury to his face and lost certain teeth. At that time he had already lost either nine or ten teeth of the thirtytwo which he originally had. It became necessary for the dental surgeon to remove sixteen of the remaining twenty teeth and to apply both an upper and a lower denture.
The employer, Schill-Wolfson, Inc., or its liability insurance carrier, The Travelers Insurance Company, has paid for all of the dental and medical work, and the only question *430 presented is the amount to which plaintiff is now entitled as compensation.
Plaintiff claims from the two defendants solidarily compensation at the rate of $30 per week for 100 weeks, conceding that there is no question of disability and no question of disfigurement, contending only that, as a result of the accident, "the use of the physical functions of the mouth and jaw have been seriously and permanently impaired, and that he is therefore entitled to compensation at the rate of sixty-five (65%) of his weekly wage at the time of the accident and injury, for a period of one hundred (100) weeks."
It is conceded that the rate of pay at which he was employed would entitle him to the maximum amount permitted by law $30 per weekif it appears that his loss of function is such as to entitle him to the maximum compensation.
At the opening of the trial in the District Court, counsel entered into a stipulation reading as follows:
"We feel this matter is down to a fine point and by stipulating we can put the matter before the Court without the necessity of reading the pleadings.
"It is stipulated by counsel for plaintiff and defendant that this is a compensation suit wherein plaintiff is suing for compensation for the loss of a physical function and disfigurement, under the provisions of the Workmen's Compensation Act. It is admitted by all parties that the plaintiff sustained an accident in the scope and course of his employment; that his compensation rate is the maximum of $30.00 per week; that the sole issue before the Court today is to permit the Court, in its discretion, according to law, to fix the rate of compensation, not to exceed 65 percent of his wages or up to the maximum of $30; if compensation is due, it will be due from February 11, 1950, in whatever amount that may be found due by the Court."
There is little more that can be said about the facts of the case except that when plaintiff was taken to the dental surgeon immediately after the accident, it was discovered that twenty teeth remained in his mouth, either two or three having been completely knocked out by the impact when he was struck in the face by a board which flew into the air from under his foot. Some nine or ten of his teeth had been previously removed. The surgeon at first removed six of his remaining twenty teeth and later removed ten others, leaving four as all that remain of the original thirty-two.
In the district court plaintiff was awarded $30 per week for 100 weeks solidarily against both defendants, and he was also awarded $500 for medical expenses subject to a credit of $458 which had already been paid. From that judgment defendants have appealed, and they now contend only that the weekly award should be substantially reduced. They both concede liability and that the judgment, whatever the weekly amount may be, should run for 100 weeks.
When the compensation statuteAct 20 of 1914was originally enacted, there was no provision therein under which there might be recovery for disfigurement or for the loss of a physical function unless disability resulted. Consequently, in 1916, by Act 243, the statute was amended so as to supply this deficiency. This amendment is now LSA-R.S. 23:1221, sub-paragraph (p) of paragraph (4), and reads as follows: "In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks." See Louisiana Workmen's Compensation, Malone, section 283.
Obviously, then, it is the duty of the courts in such situation as is presented here to consider the seriousness of the impairment of the function and to take into consideration the compensation allowances *431 otherwise provided for in the act to determine just what amount within the maximum limit should be awarded plaintiff.
We find that in six earlier cases the courts of this State have considered the question of the amount to be awarded for the loss of teeth. These cases are: Odom v. Atlantic Oil Producing Co., 162 La. 556, 110 So. 754; Wallace v. Natural Gas & Fuel Corp., 8 La.App. 614; McBride v. Natural Gas & Fuel Corp., 9 La.App. 513, 119 So. 722; Smith v. L. H. Gilmer Co. of Louisiana, 11 La.App. 336, 123 So. 451; Sadler v. May Bros., Inc., La.App., 185 So. 81; Goins v. Shreveport Yellow Cabs, La.App., 200 So. 481.
In the Odom case [162 La. 556, 110 So. 755], decided in 1926, the Supreme Court said that "the loss of three lower front teeth is a serious permanent disfigurement" and "that the teeth may be, and in this instance were, replaced does not wholly remove the disfigurement or the impairment, or the seriousness of either, * * *." Nevertheless, the Court allowed only $3 per week for 100 weeks. In that case the Supreme Court disposed of the question of whether such an award may be for a shorter or a longer period than 100 weeks, saying: "The law (clause [e]) vests the court with some discretion in fixing the amount that may be allowed per week as compensation, though not in fixing the number of weeks for which the allowance may be made. This the law fixes at 100 weeks."
In the Wallace case, decided in 1928, the Court said: "The evidence established that plaintiff's lower jaw had been fractured in several places, resulting in the loss of eight of his lower teeth and one of the upper, and after treatment his jaws were out of alignment, and scars or depressions were apparent on his face, all of which noticeably disfigured his face, and that his ability to speak was impaired, and that it was difficult for him to eat solid food, and that such conditions would be permanent"
The amount awarded plaintiff in that case was $20 per week for 100 weeks. At that time the maximum weekly award permitted by the statute was $20.
In the McBride case [9 La.App. 513, 119 So. 722], decided in 1929, the plaintiff "sustained an injury in which his lower jaw was fractured, resulting in some retrusion of the lower jaw and facial disfigurement, and the loss of all of his lower and two of his upper teeth * * *." The plaintiff was awarded $20 per week for 100 weeks.
In the Smith case [11 La.App. 336, 123 So. 452], 1929, it appeared that "as the result of the accident, it was necessary to remove a portion of the jawbone and two teeth, and that, after the lacerations of the face had healed, there were scars on the jaw and notches * * *." The plaintiff was allowed $5 per week for 100 weeks, the Court finding apparently that the disfigurement was not so important as it would have been had the plaintiff been a woman.
In the Sadler case [La.App., 185 So. 83], 1938, it was found that "the physical function of masticating food" had sustained "some impairment" as the result of the loss of two front teeth. The allowance to plaintiff of $7.80 per week, which had been made in the lower court, was reduced to $3 per week.
In the Goins case, 1941, the plaintiff lost six teeth which had not been replaced at the time of the trial. He was allowed $5 for 100 weeks.
Counsel for defendant frankly concede that plaintiff has sustained a serious impairment of an essential physical function, but argue that, since complete dentures have been furnished it must be held that the impairment of the physical function of masticating food has not been totally lost, and since some nine or ten teeth had been previously lost, it cannot be said that the present condition of plaintiff is chargeable entirely to the accident.
We find ourselves unable to agree that, because several of plaintiff's teeth had already been lost prior to the occurrence of the accident, his present physical condition should not be held as chargeable to it. We feel that the fact that some of the teeth had already been lost rendered it all the more important that those which remained should continue to remain and that, consequently, since prior to the accident *432 plaintiff had sufficient teeth to permit him to perform all of the usual functions of teeth, it is proper to hold that his present condition is chargeable to the accident.
The situation is much the same as that which is found where an employee, prior to an accident, suffers from some latent disease or minor physical disability but is able to perform all that is required of him and, as a result of an accident, the condition is so aggravated that the employee is unable to continue to do the same work. In such case compensation is awarded because of the fact that the accident brought to light a condition which, except for the accident, might never have come to light and which possibly might never have affected the ability of the injured party to perform all of his usual physical functions.
It is very true that plaintiff has not completely lost the use of his jaw and that by the use of dentures he can masticate food with some satisfaction, but surely it cannot be said that that physical function has not been seriously and permanently impaired.
Exercising the discretion vested in us by the quoted amendment, and taking into consideration the awards made in the cited cases, we conclude that plaintiff is entitled to the full maximum amount permitted by the statute, $30 per week for 100 weeks.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.