CHASEZ, Judge.
Samuel A. Wilson sued his former employer, Metairie Motor Sales, Inc., and its compensation insurer, Universal Underwriters Insurance Company, claiming workmen’s compensation benefits, under LSA-R.S. 23:1221 (4) (p).
From a judgment in favor of plaintiff, for $35.00 weekly compensation for 100 weeks, defendants appeal.
Plaintiff worked as a car salesman. He claimed to have gone to Jefferson Downs race track on March 27, 1962, on his employer’s business, having made arrangements with one Clovis de la Houssaye to bring the latter’s half-ton truck in for servicing and appraisal, all in an effort to sell de la Houssaye a new larger truck. Plaintiff was driving de la Houssaye’s truck back from the race track when he ran into the rear of an automobile and injured himself.
Defendants contend (1) plaintiff was not on business; (2) plaintiff was intoxicated; and (3) plaintiff’s loss of teeth (the principal injury claimed) was attributable to pyorrhea, at least in part.
We conclude, as did the District Judge, that the preponderance of the evidence is that plaintiff was acting within the course and scope of his employment when he drove de la Houssaye’s truck from the race track (having given his own demonstration car to de la Houssaye).
We also conclude that the defense of intoxication has not been proved by defendants, who bear the burden of proving this defense; LSA-R.S. 23:1081. Defendant employer’s business manager testified plaintiff admitted being drunk, in a conversation the morning following the accident; and two other witnesses for defendant, one an employee, one a former employee, make rather conclusory statements about plaintiff appearing intoxicated. Plaintiff produced witnesses who were with him at about the same time as defendant’s witnesses, and *94 plaintiff’s witnesses say plaintiff was not drinking. Plaintiff himself testified he may have had a beer or two, but no excessive amount.
The District Judge, who heard and saw the witnesses, concluded the evidence was insufficient to establish that plaintiff was intoxicated. We agree that defendants did not carry their burden of proof on this issue.
Defendant’s third contention is that the accident did not cause a compensable injury. While other injuries were suffered, the injury claimed to be compensable is the loss of teeth, resulting in permanent impairment of function. At the time of the accident one tooth was broken off and its root had to be removed, and another so completely loosened it' had likewise to be removed. Two others were obviously displaced and four more were obviously quite mobile. A complete examination was not made at this time because of the painful condition of plaintiff’s mouth resulting from a through and through laceration of his lower lip. An examination four months later revealed that twenty teeth remained in plaintiff’s mouth (plaintiff apparently had only, twenty-two teeth at the time of the accident), and of these thirteen were mobile or loose. Plaintiff’s expert testified the teeth would not regain their stability and that they should all be removed and dentures should be fitted. He did not evaluate plaintiff for pyorrhea and did not know whether he had pyorrhea or not. The District Judge inquired :
“Q. Doctor, if you had examined Mr. Wilson and had no history could you come to any conclusion as to the cause of his condition ?
“A. If the patient offered nothing to me I’d think that he would have gotten hit by something.
i( * * *
“Q. Without any history at all it would be your opinion that he was struck by something?
“A. Yes, sir.”
Defendants’ expert testified plaintiff had advanced pyorrhea at the time he was hospitalized following the accident. He also stated plaintiff then told him he was planning to have his teeth removed, before the accident, because of the pyorrhea; however, the. doctor also stated in his report that the man hadn’t had dental care for several years. Upon the District Judge’s inquiring how many teeth were directly affected by the accident, defendants’ expert answered he did not know how much of the tooth mobility was present before, and how much after, the accident; he presumed there would have been some mobility and declared it was obvious there was one tooth loose due to periodontal disease.
 It is clear that plaintiff suffered, as a direct result of his accident, the loss of his upper right cuspid and first bicuspid and the lateral displacement of his upper right central and lateral incisors. It is perhaps less clear, but we think the preponderance of the evidence shows that at least the four lower incisors were loosened by the accident. The loosened and displaced teeth will not regain their former usefulness. In our opinion, the damage to these teeth, and the consequent permanent impairment of function, amply justify the District Court’s award of the maximum compensation of $35.00 per week for 100 weeks; Macaluso v. Schill-Wolfson, Inc., 56 So.2d 429 (La. App.1952) ; Fruge v. Hub City Iron Works, Inc., 131 So.2d 593 (La.App.1961).
The judgment appealed from is therefore affirmed at defendants’ cost.
Affirmed.