CUTRER, Judge.
This is a workmen’s compensation action wherein plaintiff, Duelle Eaves, a mill-right, seeks compensation under the provisions of L.S.A. R.S. 23:1221(4) (p) for the permanent impairment of a physical function caused by the accidental loss of teeth arising out of and during the course of his employment with defendant Louisiana Cypress Lumber Company. From an adverse judgment plaintiff appeals.
Defendant paid the dental expenses and the remaining issues presented are the amount, if any, of compensation to be awarded and, if so, should plaintiff be entitled to recover penalties and attorney fees.
By answer filed to the petition it was admitted that plaintiff was employed by defendant September 3, 1964 upon which *381 date plaintiff suffered certain injuries to the face and teeth as a result of his employment. It was further admitted by answer that plaintiffs employment was hazardous within the meaning of the Louisiana Workmen’s Compensation Act and if plaintiff is entitled to compensation he is entitled to recover the maximum rate thereof.
The evidence preponderates that plaintiff, on September 3, 1964, was performing his duties for defendant as a millright attempting to loosen some bolts holding an electric motor when a wrench slipped and struck him in the mouth. He was immediately sent to a physician, Dr. E. E. Faulken-berry. This physician felt that plaintiff’s problem was one for a dentist and thus referred him to Dr. Richard P. Lesneski for dental treatment.
Dr. Lesneski testified that, upon examination, he found plaintiff “had suffered a blow to his mouth cutting the inside of his lip considerably and knocking out two upper front teeth and loosening four lower front teeth and three other upper front teeth.” He extracted two of the front teeth • and considerable bone the day of the accident. He repositioned the loosened teeth in the hopes that they would tighten and the bone would heal. Stitches were removed September 10, 1964. By March of 1965 the loosened teeth had not tightened as was hoped. The seven loosened front teeth were then removed leaving plaintiff with nine teeth since he had lost fourteen prior to the accident. The dentist testified that plaintiff’s teeth were generally involved with periodontal disease which would require treatment. He stated that at this point in the procedure he was faced with two alternatives. He could put in a removable partial plate to replace the missing teeth or hej could remove the remaining teeth and put in full dentures. After discussing the problem with plaintiff the latter procedure was followed.
Following the occurrence of the accident, plaintiff continued his work for the defendant with no loss of time due to the injuries received. He performed his usual duties with defendant for approximately one year and seven months at which time he voluntarily terminated his employment and took employment for another company in the same capacity at higher wages.
Plaintiff seeks an award under the provisions of L.S.A. R.S. 23:1221(4) (p) which reads as follows:
“In cases not falling within any of the provisions already made [i. e., for disability or for specific injuries], where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.”
The question of workmen’s compensation awards for the loss of teeth has been considered by the courts of this state in several cases including the following: Odom v. Atlantic Oil Producing Co., 162 La. 556, 110 So. 754; Wallace v.. Natural Gas & Fuel Corp., 8 La.App. 614; McBride v. Natural Gas & Fuel Corp., 9 La.App. 513, 119 So. 722; Smith v. L. H. Gilmer Co. of Louisiana, 11 La.App. 336, 123 So. 451; Sadler v. May Bros., Inc., La.App., 185 So. 81; Goins v. Shreveport Yellow Cabs, La.App., 200 So. 481; Macaluso v. Schill-Wolfson, Inc., La.App., 56 So.2d 429-431; and Fruge v. Hub City Iron Works, Inc., La.App., 131 So.2d 593.
In the Fruge case, supra, the court was faced with circumstances very similar to those in the instant case. In that case plaintiff had lost two front teeth as a result of the accident. The remainder of the teeth were affected by pyorrhea. All the teeth were removed and replaced by dentures. The court made this observation:
“Although the defendants-appellees rely upon the attending dentist’s opinion that *382 the extraction of the remainder of the upper teeth was entirely due to a preexisting condition of pyorrhea, in his initial report to the plaintiff’s employer, this witness had considered the removal of these additional upper teeth as an incident to the treatment prescribed by him for the injuries accidentally received. He testified to such effect also in his deposition introduced at the trial explaining that he could have supplied either a new four-tooth stationary bridge, or else (after extracting the remaining upper teeth) a full denture, which latter treatment he recommended both to the employer and to the employee as more suitable because of the deteriorated condition of the plaintiff’s gums and remaining teeth.
Although the defendant contends that the employee is not entitled to compensation for the additional serious impairment of physical function sustained by the plaintiff because the rest of his upper teeth were removed as well as those injured in the accident, we regard such an argument to have been substantially answered in Macaluso v. Schill-Wolfson, Inc., La.App., 56 So.2d 429, by our brethren of the Orleans Court when it awarded maximum compensation where dentures had been supplied to replace not only some sixteen teeth broken in the accident but most of the other teeth which had been lost previously. There, it was stated, 56 So.2d 431-432:
‘ * * * consequently, since prior to the accident plaintiff had sufficient teeth to permit him to perform all of the usual functions of teeth, it is proper to hold that his present condition is chargeable to the accident.
‘The situation is much the same as that which is found where an employee, prior to an accident, suffers from some latent disease or minor physical disability but is able to perform all that is required of him and, as a result of an accident, the condition is so aggravated that the employee is unable to continue to do the same work. In such case compensation is awarded because of the fact that the accident brought to light a condition which, except for the accident, might never have come to light and which possibly might never have affected the ability of the injured party to perform all of his usual physical functions.’ ”
In this case defendant contends that the previous loss of fourteen teeth and the periodontal condition of plaintiff’s teeth was such that they could not serve the usual functions of teeth; thus he actually suffered no loss as set forth in L.S.A. R.S. 23:1221(4) (p). We are unable to agree with this contention. The fact that some teeth were missing prior to the accident rendered it more urgent that he retain the remainder. The ultimate loss of nine teeth due to the accidental injury left plaintiff with nine remaining. The further extraction of the remaining teeth was an incident to the treatment rendered by Dr. Lesneski for the accidental injuries received. In his report to defendant (P-1) the dentist, after discussing treatment previously rendered, stated:
“There were two things we could have done after extractions of lower four mentioned teeth i. e., replace the missing teeth with removal cast clasped partíais at a cost of $322 or remove the remaining healthy teeth and make full dentures at a cost of $244.00.
Mr. Eaves preferred the dentures and as this was some $78 cheaper I surmise you would agree to this treatment plan.”
The periodontal condition of the teeth was a factor in the dentist’s consideration of the procedure which was followed, but the accidental injury was the precipitating factor which gave rise to that treatment and procedure. Under those circumstances this court concludes that plaintiff has suffered a loss compensable under the provisions of L.S.A. R.S. 23:1221(4) (p).
The loss 'suffered by plaintiff was a substantial impairment of a physical func *383 tion qualifying him for workmen’s compensation at the maximum rate as admitted in defendant’s answer and agreed upon at the trial.
Plaintiff contends that penalties and attorney fees should be imposed by reason of the arbitrary refusal to pay compensation which was due. L.S.A. R.S. 22:658.
The period of payment is fixed by L.S.A. R.S. 1221(4) (p) at 100 weeks with the rate of compensation left to the discretion of the court. In this case defendant admitted in its answer the employment, the occurrence of the accident, and that “if plaintiff is entitled to any compensation, he is entitled to the maximum rate thereof.” These admissions were reiterated and acknowledged by counsel for defendant at the trial of the case (Tr. 2, 3). As a result of the admissions, the wages earned by plaintiff at the time of the accident does not appear in the record. By admitting the rate of pay, defendant removed from the case the issue of amount of weekly payments that would be due if recovery is allowed. By so removing this issue, the only issue remaining under L.S.A. R.S. 1221(4) (p) is the problem of pérmanent impairment of a physical function. The loss of nine teeth due to injuries received in the accident is clearly compensable under the jurisprudence cited supra. The refusal of defendant to pay compensation was arbitrary. Penalties and attorney fees shall be allowed. Attorney fees in the amount of $1000.00 are deemed reasonable in view of the record including this appeal. Fruge v. Hub City Iron Works, Inc., La.App., 131 So.2d 593.
For the foregoing reasons the judgment of the lower court is reversed and set aside, and judgment rendered in favor of plaintiff. It is therefore ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Duelle D. Eaves and against defendant, Louisiana Cypress Lumber Company, for workmen’s compensation payments at the agreed rate of $35.00 per week for a period of 100 weeks with interest from the due date of each payment. It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendant for penalties in the amount of twelve per cent on all payments now 60 days overdue with like penalties for all such payments which may in the future become 60 days overdue, together with attorney fees payable to plaintiff in the amount of one thousand dollars. All costs, including costs of this appeal, are to be paid by defendant.
Reversed.