No. 5772
First Circuit Appeal

---

CASS FRANKLIN v. ERNEST ROGER. CO., LTD., (In Receivership)

(June 30, 1925, Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 159.**

A very serious injury to an employee's hip, back, leg, knee and foot which required a plaster cast for sixty days which resulted in a permanent injury to the hip which required a hip brace, will justify a judgment under Section 8, Subsection 1 (b) of the Workmen's Compensation Act No. 20 of 1914, during the period of disability, not exceeding four hundred weeks.

2. **Louisiana Digest—Master and Servant —Par. 159.**

An injury to an employee who was a laborer but since the accident, will only be able to do very light work of a different kind than he was accustomed to doing, is sufficient injury to be considered a permanent total disability within the meaning of Section 8, Subsection 1 (b) Act No. 20 of 1914.

(The recent amendment of Section 8 of Act 20 of 1914 is Act 216 of 1924. Editor's note.)

3. **Louisiana Digest—Master and Servant —Par. 160 (e).**

Under Section 20 of the Workmen's Compensation Act No. 20 of 1914 as amended by Act 38 of 1918 a judgment granting compensation may be reviewed if the condition of the injured party justifies it.

Appeal from the Twentieth Judicial District Court of Louisiana, Parish of Lafourche, Hon. Robert P. Butler, Judge.

This is a suit by an injured employee for compensation under the Workmen's Compensation Act No. 20 of 1914. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

H. Pelletier, of Thibodaux, Feitel and Feitel and N. H. Polmer, of New Orleans, attorneys for plaintiff, appellee.

Howell, Wortham and Howell, of Thibodaux, attorneys for defendant, appellant.

ELLIOTT, J.    Cass Franklin, an employee of Ernest Roger Co., Ltd., now in the hands of a receiver, alleges that while in the employment of the defendant he received an injury which permanently and totally disabled him from doing work of any reasonable character. He claims of them compensation at $6.30 per week, for four hundred weeks, subject to a credit of sixty-two weeks, which has been paid.

Defendant for answer admits that plaintiff met with an accident on November 24, 1923, and after receiving medical attention at Thibodaux, was sent to a hospital in New Orleans, where he remained for sixty days with his hip in plaster cast and was afterwards provided with a hip brace.

Defendant alleges that plaintiff has recovered from his injuries and is now able to do work of a reasonable character, and has been since February 13, 1924. That no further compensation is due the plaintiff; that all compensation to which he was entitled under the law has been paid to him.

The district judge, giving reasons, awarded plaintiff compensation for three hundred weeks, subject to credit of sixty-two weeks received. Defendant appealed.

The plaintiff in answer to the appeal prays that the judgment appealed from be amended, by allowing him compensation for four hundred weeks, under Section 8 of Act 20 of 1914, paragraph (b) of said Section, which provides: "For injury producing permanent total disability to do work of any reasonable character, 60 per cent of wages during the period of disability, not however, beyond four hundred weeks".

Defendant contends on appeal as per letter in the record of September 27, 1923, that plaintiff's compensation should be fixed as if he had lost a leg; under Act No. 43 of 1922, which provides: "The permanent total loss of the use of a member shall be equivalent to the amputation of the member". The Act provides that for the loss of a leg the compensation shall be for one hundred and seventy-five weeks.

The averment in defendant's answer that plaintiff has received all the compensation to which he is entitled, is untenable and we do not give it further notice.

The district judge in his reasons for judgment, states that plaintiff is an ordinary manual laborer; that it was admitted or fairly established that because of his deficiency of education and lack of training, he is unfitted and unqualified to earn wages other than by unskilled manual labor. He was satisfied that plaintiff's leg was worse than useless to him; that plaintiff would be better off physically if he were not encumbered with it; that the necessity of caring for and handling his crippled limb could not but hamper him in the performance of any manual labor that he might undertake; that plaintiff was a total disability as to manual labor; that his disability might not prove to be permanent, but at present it is total. Time may prove it to be otherwise. That plaintiff's present chief trouble is in the hip joint, he complains of pain in his hip and back; that the honesty of the claim was not challenged by the physician.

That so long as plaintiff's condition persisted he not only suffered substraction of the use of his leg, but was in addition, burdened with a hip or back discomfort which would not be taken into account were he regarded as having only lost a leg.

The evidence shows that plaintiff was injured November 21, 1922. The case was not tried in the lower court until January 6, 1925, more than two years afterwards.

At the time plaintiff was injured he was employed by defendant as a brakeman on a plantation locomotive, pulling cars loaded with cane.

The plaintiff, as a witness in his own behalf, says that he has not tried to work since his injury because he was not able to work. That he is not able to bend because it hurts his back and hip; that he was fitted with a hip brace but could not use it because it pained him; that he can not raise his knee. He can bend his leg with help, but can not tie his shoe.

Plaintiff's contention that his hip is injured is supported by the averments in defendant's answer that he "remained for sixty days with his hip in plaster cast and was afterwards provided with a hip brace" and by defendant's letter to him of March 13, 1924, which says: "Dear Sir: Under date of February 19, 1924, the Union Indemnity Company of Louisiana advised us that their medical unit finds that with a properly fitted Caliper Brace to your limb you would be able to do some work of a light nature, and as we have no work of that nature for you, we would advise you to try to find some. We understand that this brace has already been purchased for you, therefore we think it is perfectly fair for you to get some kind of light employment".

The averments in defendant's answer and statement in the letter quoted is supported by the testimony of Dr. Barker, who examined plaintiff at the time he was injured and found apparent injury to his hip, back, leg, knee and foot. He was then sent to the hospital and his hip was placed in plaster cast for sixty days. His hip was permanently injured, because he was fitted at the hospital with a hip brace.

Defendant's letter of March 13, 1924, admits the permanent injury to plaintiff's hip. It states that by using a Caliper Brace properly fitted, he will be able to do light work of some nature. Dr. Barker examined plaintiff again the day before the trial, and states that as more than two years have elapsed and the fractures not having united, they are not going to unite; that plaintiff is a permanent total disability insofar as concerns manual labor; that for the future he will have to learn something he can do, sitting down.

Dr. Geismar examined plaintiff before the trial and pronounced the injury to his hip and leg as permanent total disability insofar as concerns manual labor of any reasonable nature. He says that the Caliper Brace will not help him.

Dr. Menendez physician for Union Indemnity Company and receiving from them a salary, examined plaintiff in 1924. He does not think plaintiff so badly injured; thinks he could use his hip and can resume work.

We regard the admission of serious injury to plaintiff's hip, in defendant's answer and letter, and the testimony of Drs. Barker and Geismar supported by the personal observations of the district judge, as conclusive proof of permanent injury to plaintiff's hip and leg. Sec. 18, Clause 4, Act 20 of 1914 (amended Act 234 of 1920) provides that: "The judges shall decide the merits of the partnership as equitable as may be" and Sec. 20 (amended Act 38 of 1918) provides that judgments of compensation may be reviewed by the courts on the application of either employer or employee, if the incapacity of the injured party changes.

The language "Permanent total disability to do work of any reasonable character during period of disability" in the legislation in question does not mean that the party must be unable to do any kind of work, but means permanent total disability to do work of any reasonable character that the party knows how to do and is capable of doing, which will afford him a support for himself and family.

In this case we do not know plaintiff's age, nor whether he has a family, but due to his station in life, his work in the past has required him to stand, to walk forward and backward, stoop, bend his knee, leg, lift, push, use his leg, hip and back; and we are satisfied from the evidence that in all probability he will never be able to do that kind of work again.

He may some time in the future learn to do some other kind of work, which can be done sitting down, and obtain employment and earn something at it, but accomplishment along any new line of labor of this kind is uncertain. The evidence does not indicate anything in that direction. At the present time his capacity for work in any line in which he is capable of working and earning a support for himself and family, if he has one, is a permanent total disability, within the sense and meaning of the law.

In Myers vs. R. R., 140 La. 937, 74 South. 256, there is considerable appropriate language: In one part of the opinion the court says: "We have to hold therefore, that the disability of a workman who has lost the use of one of his legs from the hip joint down, is not necessarily total, since within the meaning of our said statute many lines

of work are open to a man in that condition. Inasmuch, however, as up to the time of the trial the plaintiff had been unable to do work of any kind, he was up to that time totally incapacitated, and this incapacity will continue as long as healing process of nature shall not have been so far accomplished as will enable him to do manual labor of some kind".

The court gave judgment as for total disability. We shall affirm that judgment.

The court further cited Sec. 20 (amended Act 38 of 1918) compensation law according to which judgment may be reviewed at the instance of either party, if the condition of the injured party justifies the same.

The case we have in hand is a much more serious injury than was sustained by the party in the case cited. In that case it does not appear from the opinion that the hip was injured. In this case the evidence shows a permanent injury to the hip, which will remain even if the leg is amputated, and satisfies us that plaintiff's injury should be classed as permanent total disability to do work of any reasonable character; and that he is entitled to 60 per cent of the wages he was receiving at the time of his injury, during the period of disability, not, however, beyond four hundred weeks.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended, by fixing plaintiff's compensation at $6.30 per week, for a period not exceeding four hundred weeks, from November 24, 1922, subject to a credit for sixty-two weeks already paid, and that each weekly payment past due, bear legal interest; and that each over due future payment bear legal interest as fixed by the district judge.

And as amended, the judgment appealed from is affirmed; that defendant and appellant pay the cost in both courts.

LECHE, J. Is of the opinion that the judgment appealed from should be affirmed.