## INGRAM v. MERIDIAN LUMBER CO.

### No. 1783.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1938.

Gist & Thornton, of Alexandria, for appellant.

Elmer L. Stewart, of DeRidder, for appellee.

LE BLANC, Judge.

Plaintiff was employed as a millwright in the defendant's sawmill at Alco in Vernon parish. On the morning of May 20, 1935, while attending to part of his duties which required him to mount a scaffold some nineteen feet high in order to repair a chain, the scaffold gave way and he fell with it. In the fall he sustained a severe break of the left leg between the hip and knee. The attempt to set the fracture was fraught with some difficulty and the result was not nearly as successful as might have been desired. There is but little dispute that due to an overlapping of the broken ends of the bone he was left with a shortening of the left leg to the extent of approximately one and three-quarters inches and that he has developed a case of arthritis which causes a swelling of

the leg attended with considerable pain at times.

Plaintiff claims that his condition, due to the accident, has produced a permanent and total disability and that as he cannot perform work of any reasonable character he is entitled to receive workmen's compensation from his employer under the workmen's compensation statute of this state, Act No. 20 of 1914, as amended. In this suit which he has instituted to recover such compensation, he alleges that he has been paid at the rate of $13.50 per week, the amount which he claims, for a period of one year and eight months, but demands payment at the same weekly rate for the full period of 400 weeks allowed under the statute.

The defendant admits that plaintiff sustained an injury to his leg in the accident and that it paid him compensation at the rate stated for eighty-eight weeks, which it avers is more than he was entitled to as he had fully recovered from the effects of the injury prior to that period. It admits that he has a shortening of the leg which is stated to be about one inch and that he now suffers only such disability as would ordinarily follow the discomfort and inconvenience of such a condition. With regard to the arthritis which plaintiff alleges he suffers from, defendant avers that whilst that condition may have existed, it has practically abated and that most likely it was present before the accident, or may have developed from some focal infection foreign thereto. Averring that plaintiff is able to resume reasonable work and that he has been paid more compensation than he was equitably due, defendant prays that his demand be rejected and his suit dismissed.

There was judgment in the court below in favor of plaintiff awarding him compensation at the rate prayed for which we might here state is not a disputed issue, for a period not to exceed four hundred weeks, less the eighty-eight weeks for which he had been paid, with interest on the weekly installments from January 25, 1937, until paid in full, and defendant has appealed.

In this court, counsel for defendant close their brief with the following statement: "For the reasons herein set out, we respectfully submit that the trial Judge erred in awarding this plaintiff compensation for permanent total disability not to exceed four hundred weeks; that the judgment of the lower court should be reversed, and first, that plaintiff should not be awarded compensation in excess of fifty per cent of that allowed by the court for the loss of a leg, and in the alternative, in no event should he be allowed more than fifty per cent of maximum compensation over a period not to exceed three hundred weeks under subsection B of section 8-1."

Defendant virtually admits therefore that the plaintiff is suffering from some disability as a result of the accident and his injury. The issue now presented is the same as has been frequently before the courts of late, and that is whether plaintiff should be restricted to recover as for the loss or proportionate loss of the use of a specific member, or whether his case comes under the broader provisions of the statute awarding compensation as for permanent, total, or temporary total or partial disability. The provision for compensation for the proportionate loss of a specific member here invoked is section 8, subsection 1 (d), par. 15, of the compensation statute of 1914 No. 20, as amended by Act No. 242 of 1928. The others, referred to as the broader provisions, are subsections (a), (b), and (c) of section 8 of the same act. As subsection (b) is the one which provides compensation for permanent, total disability, we take it that defendant's contention is that plaintiff's case comes under subsections (a) and (c) providing compensation for injuries producing temporary, total disability and for those producing partial disability to do work of any reasonable character.

It is conceded, from the standpoint of medical testimony in the record, that plaintiff's fracture has healed to the extent found, with an overlapping of the broken ends of the bone which is known as the femur, and that this overlapping has caused a bow in the leg and a consequent shortening of the same by an inch and a half. It is not seriously disputed that the injury has brought about the arthritic condition found in the left knee and that there is a loss of flexion in the same to the extent of more than forty-five degrees.

■■ The type of injury which plaintiff has sustained, and its resulting consequences, cannot possibly be said to be confined to a specific member of the body. They are of the same character as were those in the several cases which have come before the courts recently, and which have

led the courts to definitely hold that the sections providing compensation for the loss of a specific member were not meant to supersede and take precedence over the broader disability sections, and that if the injured employee's capacity to do work of a reasonable character is affected, the fact that the injury is to a particular member is unimportant and compensation will be awarded under the general disability provisions. Barr v. Davis Bros. Lumber Co., 183 La. 1013, 165 So. 185; McGruder v. Service Drayage Co., 183 La. 75, 162 So. 806; Custer v. New Orleans Paper Box Factory, Inc., La.App., 170 So. 388; Schneider v. Travelers Ins. Co., La.App., 172 So. 580. These, and other decisions which might also be cited on this point, are sufficient, we think, to take it beyond the realm of further controversy, and following them we are bound to hold that plaintiff's compensation is not to be based on the sections of the statute providing for the loss or loss of use of a member but rather on the general disability provisions, (a), (b), and (c) of section 8 of the act, as amended.

When we come to consider under which of these subsections his case comes, we are met with the important question regarding plaintiff's capacity to do work of any reasonable character, and what is meant by work of such character.

We are of the opinion that the preponderance of the testimony, both medical and lay, is to the effect that plaintiff, as a result of his injury, is unable to and will remain unable to follow the occupation of millwright, the only one he has pursued for the past twenty years or more. Counsel for defendant does not seriously dispute this point, but they urge that there is some sort of work around a sawmill which the plaintiff could engage in, even in his present condition, and therefore he can do work of a reasonable character. They contend that plaintiff is not an ordinary manual laborer; that by learning, training, and experience he is equipped to do work of a supervisory nature, which, after all, they maintain is the very kind of work he did as a millwright. They use the terms "millwright" and "mill foreman" almost interchangeably and insist that certainly plaintiff could do a foreman's work around a sawmill.

Our appreciation of the testimony is that decidedly plaintiff cannot perform the numerous duties incident to the position of millwright or mill foreman in a sawmill.

We need go no further than to refer to the very work he was doing at the time he was injured, which was in line with those duties, and then to the testimony of the doctors, even those who testified for the defendant, to satisfy ourselves on this point. That work took him up on a scaffold almost twenty feet high, and the testimony of all the doctors is to the effect that he could not do any climbing with safety. His work also required that he be up and about the mill at all times while on duty and at times, as plaintiff states, to climb ladders and in various places, with little chance of ever sitting down. R. E. Wilkinson, a mill foreman with several years' experience, fittingly describes the job, in his opinion, as one that is not meant for a crippled man.

We do not understand the phrase "work of any reasonable character," as used in the statute, to mean just any kind of work or a part of any kind of work. It means, as it has so often been construed by the courts, that kind of work for which the injured employee is fitted by his status in life, his training and experience, and his education, to perform. That definition is substantially the one used in the cases heretofore cited and also used by this court, notably in the cases of McQueen v. Union Indemnity Co., 18 La.App. 612, 136 So. 761; Franklin v. Roger Co., 2 La.App. 764.

We are referred to a very recent decision of the Orleans Parish Court of Appeal, Riviere v. McClintic-Marshall Corp., 177 So. 99, 100, in which a judgment for compensation as for permanent, total disability was reversed and the case remanded to the lower court for further testimony to the end that plaintiff's partial disability might be ascertained and his compensation fixed under paragraph (c) of section 8 of the compensation statute. Obviously the court came to the conclusion, from the testimony submitted, that the employee's total disability had ceased and he had only a partial disability, and that by reason of his status, his training, or education, he was able to do work of some character which brought it within the meaning of the term as used in the statute. There is no testimony to warrant such a holding in this case. Viewed in the light of that interpretation which has been placed on the phrase "work of any reasonable character," and with the facts before us, we conclude that in this case, plaintiff has presented a case of total, permanent dis-

ability and that the judgment awarding him compensation on that basis was correct.

Judgment affirmed.