## ELLIS v. GULLETT GIN CO.

### No. 1889.

Court of Appeal of Louisiana. First Circuit.

June 30, 1938.

L. B. Ponder, Jr., of Amite, for appellant.

Ellis & Bostick, of Amite, for appellee.

DORE, Judge.

This is a suit for compensation. The following facts are admitted: Plaintiff's minor son was working for defendant as a tin-smith helper, when, on July 31, 1937, he sustained an injury in the course of his employment whereby he lost the first phalanx on the first and third fingers of both his right and left hands, and also lost the first and part of the second phalanx of the middle finger of both hands. He was receiving $19.50 per week and was being paid compensation at the time of the filing of the suit at the rate of $12.68 per week. The dispute arose when defendant offered a lump sum settlement in the amount of $282.42 which plaintiff refused to accept as a full settlement.

The only issue in the case is the extent of the boy's injury and the number of weeks he is entitled to receive compensation.

Plaintiff alleges that at the time of filing the suit (October 28, 1937) his son was unable to do any work of a reasonable character because of the tenderness in the fingers; that his son has lost the use of both hands to the extent of fifty per cent on account of the injury; that his said son was not then able and would never be able to perform the work and functions that he was at the time of the accident, and that he has sustained a loss in the use of the functions of his body to the extent of fifty per cent. Plaintiff prays for compensation for his son for 200 weeks at $12.68 per week based on 50 per cent total and permanent disability) being 50% of the maximum of 400 weeks), or, in the alternative, if the court finds that both hands are impaired to the extent of 50%, that he be allowed this compensation for 200 weeks, being 50 per cent of the total number of weeks allowed for the loss of both hands under section 8, subdivision 1(d), paragraph 10, of Act No. 20 of 1914, as amended by Act No. 242 of 1928; and in the further alternative, if the

court finds that there has been a permanent impairment to each injured finger to the extent of 75 per cent, that compensation be fixed on the basis of this impairment in proportion to compensation fixed by the statute for the loss of each finger.

Judgment was rendered declaring that the tender and payment of the amount offered for a lump sum settlement was sufficient, and plaintiff's suit was dismissed at his cost. Plaintiff has appealed.

The injured employee was doing manual labor at the time of his injury. He testified at the trial on December 21, 1937, almost five months after the injury, that he was unable to do manual labor because of the pain in his fingers and hands; that he did not think that he would ever be able to do the kind of work that he was doing when injured, nor would he ever be able to pick up fine objects or do any work of a fine character.

The doctor who treated plaintiff's son states that it would be at least a year from the date of the accident before the tenderness in the fingers would sufficiently heal and disappear so that plaintiff could do any kind of manual labor. This doctor further testified that plaintiff's son would never be able to pick up and handle small objects with his hands as he only has full grasp in the thumb and little finger of each hand. The doctor estimated the impairment to the hand at 50%, and the impairment in loss of function of the injured fingers to be from 60 to 75 per cent.

These were the only witnesses who testified in the case. Their testimony is not contradicted anywhere. Under the facts as given by these two witnesses it is clear that the injured employee will not be able to do manual labor, the kind he was doing when injured, in at least one year from the date of the injury. His injury affects his capacity to work and his compensation should be based on either paragraph (a) or (b) of Sec. 8, subsection 1 of the compensation law, Act. No. 20 of 1914, as amended by Act No. 242 of 1928. This being true, the provisions for specific injuries to members have no application in this case. Only a few cases are necessary to mention in support of this conclusion, viz.: Barr v. Davis Bros. Lumber Co., Ltd., 183 La. 1013, 165 So. 185; McGruder v. Service Drayage Co., Inc., 183 La. 75, 162 So. 806; Ingram v. Meridian Lumber Co., Ltd., La. App., 178 So. 187.

In our opinion, the case of Odom v. Atlantic Oil Producing Company, 162 La. 556, 110 So. 754, cited and largely relied on by the trial judge, does not support his conclusions but, on the contrary, support the contention here advanced that the injury to the employee's fingers affects his capacity to work and his compensation should be based on the length of time he will be unable to do manual labor.

We are of the opinion that he is entitled to total disability for at least one year—fifty two weeks—from the date of the accident. He has clearly proven total disability for that length of time. The judgment will be reversed and judgment entered for plaintiff accordingly.

For these reasons, the judgment appealed from is annulled, reversed and set aside and it is now ordered that there be judgment in favor of plaintiff for and on behalf of his minor son Geo. M. Ellis, Jr., and against the defendant in the sum of $12.58 per week from July 31, 1937, for a period of fifty two weeks, with 5% per annum interest on the respective payments from their due date, subject to a credit for the amount paid; defendant to pay all cost.