## MICKLEY v. T. J. MOSS TIE CO.
### No. 5902.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1939.

Rehearing Denied April 28, 1939.

Supplemental Opinion April 28, 1939.

Writ of Certiorari and Review Denied May 29, 1939.

John B. Files, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, and Leo Gold, of Alexandria, for appellee.

HAMITER, Judge.

Injuries were sustained by plaintiff during the evening of February 7, 1937, when the truck in which he was riding collided with another motor vehicle. Work for the defendant was at that time being performed by him. Confinement in a hospital began immediately and he remained there until March 2, 1937. During that period appropriate examinations and treatments were accorded him. Visits to the hospital for further treatments and observation were subsequently made at regular intervals until June 17, 1937, at which time he was discharged. Workmen's compensation to the last mentioned date, together with all incurred medical expenses, was paid by defendant.

In this proceeding, in which the employer is the sole defendant, the employee asserts that he was rendered totally and permanently disabled by the accident. Judgment awarding compensation of $7.80 per week for a period of 400 weeks, less the payments already made, is asked.

The answer tenders the defense, as disclosed by the brief of the employer's counsel, that all of the injuries have healed, "leaving no permanent disabilities, and that the defendant has paid all medical and hospital expenses and all compensation during the period of disability."

The judgment sought by plaintiff was granted and defendant prosecuted this appeal.

The examinations of the employee on his admittance to the hospital disclosed multiple contusions over the body, nervous reaction, several fractured ribs on the left side and an incomplete fracture of the

neck of the scapula of the left shoulder. Treatment was given him and in due course the fractures healed with good union.

One of the physicians who attended plaintiff at the mentioned institution gave a written report of the patient's condition as of June 17, 1937, the time of his discharge there. This provided in part,

"The diagnosis was fracture of fifth and sixth ribs on left side and also incomplete fracture of the neck of the scapula. Treatment: Left side was strapped with adhesive tape and left shoulder region was immobilized. An additional X-ray picture was taken on 5/7/37 of left shoulder region, which revealed old fracture completely healed and no other pathology demonstrated.

"Dr. Brown and I saw the patient on 5/25/37 at which time only slight limited motion of left shoulder could be determined, which can only be relieved by work and exercise of said shoulder region.

"We feel that Mr. Mickley is able to resume any and all types of work and that there should be no permanent disability whatever. Of course, there will be some slight stiffness and tenderness in left shoulder region for a short period of time, however, this can only be remedied by work and exercise of same.

"Left fifth and sixth ribs healed completely causing no pain or disturbance."

Shortly after leaving the care of the hospital physicians the employee sought to exercise his injured shoulder by pursuing the trade to which he was accustomed, and in which he formerly engaged,—that of tie-making. This was in accordance with instructions of the aforementioned physicians. He is an uneducated person and of necessity has always performed hard manual labor. Tie-making is accomplished with the use of sledge hammer, broad axe, chopping axe and two wedges. The average tie weighs approximately 250 pounds and it must be turned by the worker while being hewn. Before the accident plaintiff was able to and did produce a minimum of twenty ties in an eight to ten hour working day. The maximum output depended upon the kind and type of wood which he was handling. He had the reputation of being an extraordinarily fine tie-maker.

On the resumption of his trade, it was found that his daily production was limited to from four to six ties, and he was able to work only two or three hours in any one day. Furthermore, the finished product was not of standard grade. Pain and suffering always attended these efforts, and he tired easily and quickly; however, he was compelled to and did follow this work occasionally because of economic reasons. By reason of his injured left shoulder, the arm on that side would sustain no appreciable weight and could not be raised above a horizontal position; consequently, its use in his work was restricted to the guiding of the necessary implements. This prevented the employment by plaintiff of a full swing with the broad axe, and detracted from his usual efficiency.

After the expiration of more than a year following the occurrence of the accident, physical examinations were made of plaintiff by three physicians, and two radiologists X-rayed him. The findings and opinions of these professional men are corroborative of the lay testimony showing plaintiff's inability to perform his accustomed work, and nearly all were of the belief that he has been rendered totally and permanently disabled to do work of any reasonable character. The proof furnished by them discloses that the employee sustained a severe trauma resulting in the fracturing of several ribs on his left side and of his left scapula, the damaging of the nerves, muscles and ligaments in that area, and the dislocation of the clavicle at the juncture of the acromion. When their observations were made the scapula on the left side was lower than the one on the right; its outline was irregular and somewhat ragged; and it showed bone absorption. Definite limitation of motion and muscular atrophy existed in the left arm and shoulder. The raising of that arm above the level of the shoulder was impossible. There was apparent paralysis of the two rhomboid muscles therein, this being due to the injury to the scapula and the dorsal scapular nerve. The described findings, in the opinion of those experts, were sufficient to cause the disability of which plaintiff complained.

The evidence, when considered in its entirety, furnishes the conviction that the trial judge did not err in finding plaintiff to be totally and permanently disabled within the meaning and intendment of the compensation statute. It is true that he did perform some of his usual work from time to time following his discharge

by the hospital physicians; but his efforts were attended with much pain and suffering, were unnaturally rendered, and the products therefrom did not compare in quality and quantity to the former. He was compelled to work to provide for his board and lodging. It has been held that an injured employee is not required to attempt manual labor when to do so would cause him considerable pain and suffering. Price v. Gilliland Oil Co., 3 La.App. 175; Chapman v. Louisiana Central Lbr. Co., 3 La.App. 489; Hibbard v. Blane et al., La.App., 183 So. 39.

■ A motion to remand the case has been filed here by defendant. Therein it is alleged that plaintiff has been laboring rather regularly as a tie-maker since the middle of the summer of 1938, and that his work has been well performed. Mover urges that, "in the interest of justice, this case should be remanded to the district court in order to take testimony in this matter, which evidence could not have been obtained during the trial of the case for the reason that the above information occurred after the trial of the case in the lower court." An ex parte affidavit accompanies the filing. The requested relief cannot be granted. Defendant's remedy for obtaining a modification of a trial court's judgment awarding compensation, on the ground that the incapacity of the employee has been subsequently diminished, is provided by section 20 of Act No. 20 of 1914, as amended by Acts No. 38 of 1918 and No. 85 of 1926. Daniels v. Shreveport Producing & Refining Corp'n, 151 La. 800, 92 So. 341; Black v. Louisiana Central Lbr. Co., 161 La. 889, 109 So. 538; Biggs v. Libbey-Owens-Ford Glass Co., La.App., 173 So. 898. The mentioned section provides for a review of the judgment by the trial court that rendered it when application is made by either employee or employer at any time after six months following the rendition of the judgment.

For the reasons above given, the motion to remand is overruled and the judgment appealed from is affirmed.

### Supplemental Opinion.

PER CURIAM.

■ Since the rendition of our opinion and decree herein, we have noticed that an error was committed by the trial court in its judgment, and followed by us, relative to the period for which compensation was awarded. Plaintiff's disability to do work of any reasonable character was found to be total and permanent, and he was granted judgment against defendant in the sum of $7.80 per week, "for a period of 400 weeks," together with interest, less the amounts previously paid to him. We affirmed the ruling.

The correct award for a disability of the mentioned character, under the provisions of the Louisiana Employer's Liability Act, is "sixty-five per centum of wages during the period of disability, not, however, beyond four hundred weeks." Act No. 242 of 1928, p. 357, § 8. The decree must conform to such statutory mandate, and we deem it appropriate and permissible to make the required correction through this medium. No substantive change is effected.

Accordingly, the judgment of the trial court is amended to the extent that the recited weekly payments shall be made during the period of disability, not, however, beyond 400 weeks; and as thus amended, the judgment is affirmed.