## ANDERSON v. MAY.

### No. 2123.

Court of Appeal of Louisiana. First Circuit.

May 8, 1940.

Rehearing Denied June 5, 1940.

Brumby & Bauer, of Franklin, for appellant.

C. E. Fernandez, of Franklin, and J. E. Huckabay and Claude E. Fernandez, both of Baton Rouge, for appellee.

DORE, Judge.

Plaintiff sues for compensation at the rate of $7.80 per week for a period not exceeding 400 weeks for total permanent disability caused by an injury sustained to the fingers of his left hand on September 8, 1938, while he was operating a jointing machine for the defendant. The injury sustained by plaintiff necessitated the amputation, at the second joint, of the ring and little fingers, the removal of part of a bone from the middle finger, and the suturing of a cut on the index finger.

Plaintiff alleges that due to the fact that the ring and little fingers are amputated at the second joint and the middle and index fingers have become stiff as a result of the injury, he is unable to use his left hand in pursuing his occupation of hard manual labor consisting of driving and repairing Caterpillar tractors; that he is fitted for no other occupation than that of hard manual labor.

Plaintiff's employment, the amount of wages he was receiving, and the fact that he was injured while in the course of his employment, are not in dispute. The only question at issue is the extent of the injury received by plaintiff and the nature and extent of the disability caused thereby.

After due trial, on November 6, 1939, judgment was rendered in favor of plaintiff and against defendant granting plaintiff compensation at the rate of $7.80 per week for a period not to exceed 400 weeks. On the day after the rendition and signing of the judgment, that is on November 7, 1939, defendant filed a motion for a new trial, based on his sworn allegation that since the trial and submission of the case the plaintiff obtained employment with another party as driver of a cane truck and at a higher rate of pay than he was receiving at the time of his injury; this motion was refused. Defendant has appealed from the judgment condemning him to pay compensation and the order overruling his motion for a new trial.

Plaintiff's chief occupation for several years prior to his injury was the driving and repairing of Allis Chalmers Caterpillar tractors, and his regular duties in his employment by defendant were in that occupation, but at times he was assigned to duties in and around defendant's sawmill. At the time of his injury he was operating a jointing machine. However, since the occupation for which he was fitted and trained, and in which he performed his regular duties for defendant, was the operation and repairing of Caterpillar tractors, the question to consider is whether or not the injury sustained has disabled him from engaging in that occupation or similar occupations.

The plaintiff testified that he cannot operate Caterpillar tractors in his present condition, because both hands are required to work the levers on both sides of these tractors, and especially in view of the fact that plaintiff is left handed and there are two levers on the left side of these tractors.

784

His testimony is corroborated by three disinterested witnesses who have had experience with such tractors. These witnesses state further that it requires a good grip in both hands to operate this kind of tractor and to do the kind of hard work which plaintiff did while pulling logs in the woods with the tractor. The defendant attempted to show that plaintiff can do the same kind of work that he did before he was injured, by having witnesses testify that other men with one hand, or with injuries worse than plaintiff's, could do and did do hard manual labor in sawmills.

The plaintiff offered the testimony of two physicians who had examined him just prior to the trial, namely Dr. Rushing and Dr. Harton.

Dr. Rushing found that plaintiff's left middle finger was practically totally bony ankylosed, and that plaintiff's left index finger was fibrous ankylosed, causing a permanent stiffness of these fingers, and that the left ring and little fingers were amputated at the second joint of the phalanges. He testified that the present condition of plaintiff's hand was caused by some injury, and was of the opinion that this condition affected the use of his left hand to such extent as to render him unable to do hard manual labor requiring the use of both hands.

Dr. Harton found the left little and ring fingers amputated, leaving one joint on each finger, the left index and middle fingers stiffened, with the joints ankylosed. He states that plaintiff is unable to flex his middle and index fingers to the fullest extent; the middle finger very little, and the index finger about half way to the palm. He is of the opinion that this stiffness is permanent without treatment, and he would not say how long this condition would last with treatment, and that plaintiff is totally and permanently disabled in his present condition. He states that plaintiff could raise a board with the palm of his hand but could not manipulate it. He states that he has had occasions to examine applicants for work, and, from his experience, he would not recommend plaintiff for hard manual labor.

Against this medical testimony, defendant offered the testimony of Dr. Gates, defendant's regular physician and the one who treated the plaintiff. He testified with reference to the nature of the injury and his treatment thereof, admitting that he amputated the third and fourth fingers, operated on the second or middle finger for the removal of a fractured bone, and sutured and splintered the first or index finger. He states that he informed the plaintiff that his second or middle finger would be stiff from the operation, and that plaintiff informed him that it was already stiff. He states that there was no evidence of any bone injury to the index finger but there was a laceration or cut of about an inch or one-half inch which he sutured and splintered. On the day of trial, he examined plaintiff's hand and found that the index finger was stiff from fibrous ankylosis due to adhesions from the wound which became infected later on, adding, however, that all lacerated wounds from their inception are considered infected wounds. He admits that the present condition of plaintiff's second or middle finger is attributable to the injury that plaintiff received. While he admits that the present condition of plaintiff's hand was caused by the accident, he is not of the opinion that the disability is permanent, or that such condition prevents plaintiff from doing the same kind of work as before.

Although plaintiff had been disabled by his injuries, defendant did not offer or pay any compensation, although he knew that plaintiff was at least temporarily disabled. A little over a month after the injury, plaintiff was given different and lighter work by defendant at a little higher wage than he was receiving at the time of the injury. He remained on this job for a few days and then quit. Thereafter, plaintiff was called in defendant's office for the purpose of discussing a settlement, and was at that time advised to consult a lawyer with reference to his rights, which he did. After plaintiff had consulted a lawyer, defendant offered him his same job with a helper, which plaintiff refused. This suit was filed on June 5, 1939, almost nine months after the accident and it was only then that defendant, in his answer, tendered to plaintiff the sum of $156 as compensation.

The decided preponderance of the evidence, both lay and medical, shows that plaintiff cannot do the same kind of work he had been doing prior to his injury. His capacity to drive and repair these tractors, and doing other work in connection therewith, such as fastening and pulling logs in the woods, which require the use of both hands and a strong grip or hold on levers, chains, etc., has been seriously impaired. The fact that he is able to perform some

parts or portions of his former occupation does not affect his right to recover for total disability. Hibbard v. Blane et al., La. App., 183 So. 39.

■ The plaintiff is entitled to recover for total permanent disability, as his injury affects his ability to work and comes under the general disability clauses of the compensation law. Vaughn v. Solvay Process Co., La.App., 176 So. 241; Ingram v. Meridian Lbr. Co., La.App., 178 So. 187; Ellis v. Gullett Gin Co., La.App., 182 So. 376; Leday v. Lake Charles Pipe & Supply Co., La.App., 185 So. 655.

■ We are of the opinion that the ruling of the lower court denying the new trial is correct. Admitting that defendant could establish that plaintiff was employed as alleged in the motion for new trial, this employment, more than a year after the injury, in our opinion, would not affect plaintiff's right to receive compensation as for total disability. The record shows that defendant never paid compensation to plaintiff and necessarily plaintiff is expected to obtain funds in order to support his wife and himself, and is not expected to be on charity or relief. If plaintiff's disability has ceased, or ceases before the expiration of the maximum period as fixed in the judgment, defendant has his remedy for relief. Sec. 20 of Act 20 of 1914 as amended; Mickley v. T. J. Moss Tie Co., La.App., 189 So. 331; Hibbard v. Blane, supra.

For these reasons, the judgment appealed from is affirmed.