On November 6, 1939, the plaintiff herein, Calvin Anderson, obtained a judgment in his favor against the defendant, Thayer T. May, awarding him compensation at the rate of $7.80 per week for a period not to exceed 400 weeks, commencing September 8, 1938. On appeal to this Court the said judgment was affirmed on May 8, 1940 and a rehearing was refused June 5, 1940. See Anderson v. May, La.App., 195 So. 783.
The present proceeding is one instituted by the defendant, Thayer T. May, under the provisions of Section 20 of the original workmen's compensation statute of this State, Act No. 20 of 1914, as amended by Act 85 of 1926, which gives to either party the right, at any time after six months following the rendition of the judgment, to have it reviewed "on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation." The present defendant seeks to have the judgment modified by relieving him of further payments of compensation on the ground that plaintiff's disability has ceased. *Page 175 
In his petition he alleges that plaintiff accepted employment on or about October 22, 1939, driving a heavy cane truck on field roads, at a rate of pay in excess of that received by him before he was injured; that he has also worked in a store at various times, in the course of which employment he had to lift heavy boxes and sacks necessitating the use of both hands, and that he has also driven and operated caterpillar tractors in the woods and has helped to repair the same.
To this petition there was an exception of vagueness and a plea of prematurity filed, both of which were overruled in the Court below and neither being any longer urged. Answer was filed in which it is admitted that plaintiff has performed light work since his injury but his alleged ability to operate tractors or to do the same kind of work he did before, is denied. It is averred that his hand is in worse condition now because the index and second fingers are less flexible, the fibrous adhesions which bind the flexor and the tendons thereof having grown progressively more pronounced.
The sole and only question at issue therefore is whether or not plaintiff's disability is the same as it was originally decreed and he is still unable to perform work that is reasonably of the same kind and character that he did before his injury and which he was accustomed by his training and experience to do. The trial judge found that the testimony abundantly showed that he was no longer so disabled and rendered judgment relieving the defendant from any further payments of compensation under the original judgment rendered against him whereupon this appeal was taken by the plaintiff.
After judgment had been rendered against him in the lower court on the original trial, the defendant presented a motion for a new trial and attached thereto his own affidavit to the effect that certain other parties would testify that plaintiff had worked at driving heavy cane trucks since his injury which it would be impossible for a person who is disabled to do. The motion was overruled by the district judge and his ruling reviewed by this Court on the appeal taken at that time. As it appeared that the employment which defendant was seeking to establish had taken place more than a year after the disabling injury, it was held that it could not effect plaintiff's right to recover for such disability as had actually been shown. Besides, although it was not so stated in the opinion, the well-established rule that the granting of such motions is a matter which addresses itself to the sound discretion of the trial judge, was duly considered and there being nothing to indicate that there had been an abuse of such discretion by the trial judge, his ruling was approved. It is to be noted also that the opinion carries the suggestion that if plaintiff's disability would cease before the maximum period for the payment of compensation as fixed in the judgment, defendant could pursue the course for relief which he is presently following.
The nature and extent of the injury to plaintiff's left hand, as revealed by the medical testimony, is fully stated in the former opinion herein handed down. Dr. R.J. Rushing and Dr. C.M. Horton who testified at the original hearing were again called as witnesses by the plaintiff and whilst they both stated that from their recent examination they find no perceptible improvement in the condition of his fingers, it is apparent from their testimony that they now limit whatever disability he has to his fingers and it is rather significant that Dr. Rushing is of the opinion that he can drive a caterpillar tractor and Dr. Horton states that he can drive a cane truck satisfactorily. As to his driving a caterpillar tractor Dr. Horton would not venture an opinion, not being familiar with the manner of its operation.
Dr. Guy C. Aycock and Dr. Mario Lopez who also examined plaintiff's hand testified on behalf of the defendant at the present hearing and whilst both found some limitation of motion in the affected joints they are both of the opinion that he favors that hand and that he has a stronger grip than he discloses. Dr. Lopez states that he can do any reasonable manual labor which requires a reasonable amount of strength in the left hand and Dr. Aycock testifies that he is "positively well able" to drive a tractor or an automobile, to plow and to work around machinery in a general way.
The testimony of all these doctors that in their opinion plaintiff can drive and operate a sugar cane truck is fully substantiated by that of Mr. Chris Markerson who is in charge of such work for the Sterling Sugar Refinery, near Franklin in the Parish of St. Mary. This witness testifies that in October, 1939 which was more than a year after his injury, he employed plaintiff at the latter's own request for work, as one *Page 176 
of twelve cane truck drivers employed by them during the grinding season, and that he considered him as good a driver as any of the others. For no reason which he could think of, plaintiff did not show up for work after having been on the job about two weeks and he took the trouble to go twice to Garden City, where he lived, to try to get him to come back. On the first visit plaintiff told him that he had to travel too far to get to work and on the second that he thought he could do better elsewhere. It developed from other testimony that plaintiff then went to work for Mr. E.H. Thibodaux, Jr., who managed the Garden City Store, as a sort of all-around helper, at less than half the pay he received as cane truck driver. In this connection it may be important to observe that from the payroll sheets introduced in evidence, the last day on which plaintiff worked as truck driver, was November 8, 1939 which was the day after he had been served with notice of the motion for a new trial which had been filed by the defendant after the first judgment herein had been rendered in the district court. However, without regard to the motive which may have prompted the plaintiff to give up his job and refuse to return to it, the fact remains that for two weeks or more, as admitted by him, he did drive and operate a heavily loaded cane truck over dirt roads and across bridges and railroad tracks, necessitating, as we view it, the use of a good grip in both hands and one equally as strong as is required to drive and operate a tractor of any type.
Numa Hannagriffe, who is engaged in garage and machine shop work and has driven tractors, was called as a witness for the plaintiff. He testified that in his present condition plaintiff can drive any kind of tractor because the hardest work involved with the hand is the shifting of the gears by means of a lever which is very easy to do.
Albert Spangler, engaged in moss buying and in logging, also a witness for plaintiff, and who has driven caterpillar tractors, states that he was in need of a driver and offered plaintiff a job over telephone which he refused, claiming that his hand was injured and he could not take it at that time. This witness testifies that the levers on such tractors are not hard to pull or push, a "fairly good grip" being required, and the shifting of gears being about the same as with regard to an automobile.
The opinion expressed by various witnesses that plaintiff can operate a caterpillar tractor is borne out by his actual performance of such work as shown in certain moving picture films taken by an investigator who had been employed by the defendant and which were exhibited before the district judge. Whilst they were not shown before this court we note that the district judge comments in the written opinion handed down by him on the convincing proof which they afford of plaintiff's ability to operate such tractor for logging operations in a most efficient manner.
The circumstance which may be said to be the most favorable to the plaintiff arises out of the statement made by certain witnesses to the effect that given their choice of two men equally as competent in every other way to drive and operate a tractor, they would employ the one with two perfect hands in preference to the other who had a hand that had been injured. This however is not the proper criterion as these witnesses do not say that they would not employ plaintiff with his hand in its present condition if he can satisfactorily operate a tractor. The test to be applied rather is whether or not plaintiff can, even with his hand in that condition, perform in the usual and normal manner, the same kind of work he did before or that kind of work which he is equipped by training and experience to do, without pain or discomfort. If he cannot, his compensation should continue; if he can, defendant should be relieved of further payment of compensation. In view of the strong preponderance of testimony that plaintiff can perform the kind of service he rendered before without such pain or discomfort the district judge correctly resolved the question for the defendant and the judgment rendered in his favor which relieved him of future payments of compensation is correct and it is accordingly affirmed, at the costs of the appellant. *Page 177