Josue J. DeKerlegand brought this suit for workman's compensation, claiming 400 weeks for the loss of his left arm, under the permanent total disability clause of Act No. 20 of 1914, as amended. Act No. 242 of 1928, p. 357, § 8, subd. 1(b). His injury occurred during the course of his hazardous employment with Elie Stelly at the Washington Farmers Gin Company, Washington, Louisiana, on September 21, 1942. The suit is directed against Stelly's insurer, Car General Insurance Corporation, Ltd. Plaintiff was earning $15 per week and claims $9.75 weekly as compensation.
The defense was made that cotton gin work was not the only kind of work plaintiff was able to perform by virtue of his education, status in life or training, and that he cannot be classified as a cotton gin workman by trade. Defendant alleges that since the injury plaintiff has been gainfully employed and is presently earning more than he did before the accident. It is defendant's contention that DeKerlegand is entitled to 200 weeks compensation under Section 8, subd. 1(d) 6 of the act, Act No. 242 of 1928, p. 357, subject to a credit of 196 weeks representing the compensation paid to him before the commencement of the suit.
The District Court considered plaintiff permanently and totally disabled and awarded him 400 weeks compensation, subject to the above-mentioned credit. The defendant has taken this appeal.
DeKerlegand was 18 years and 29 days old when injured and had been in the employ of Stelly for about seven days. This employment was the first job undertaken by plaintiff; previously he had been connected with a CCC camp. Plaintiff had a high school education. His duties at the Washington Farmers Gin Company were those of a common laborer and required no particular skill. He performed such duties as working on the press, moving and loading bales of cotton, and various jobs about the suction pump of the gin. It is not disputed that the work was laborious and demanded the full physical strength of DeKerlegand. On the afternoon of September 21, 1942 plaintiff attempted to extract a piece of cotton which had become jammed *Page 883 
in the gin, and one of the blades severed his left arm approximately two inches above the elbow. He was taken to a hospital where an operation was performed and the arm was amputated just below the shoulder.
None of the facts are in dispute and counsel for defendant concede that the sole questions for determination are whether young DeKerlegand can be classified as a cotton gin worker by education, status or training, and whether he is entitled to 200 or 400 weeks compensation.
[1] The jurisprudence is well settled to the effect that where a workman loses a member of his body by amputation, or loses the use thereof, which is tantamount to the loss of the member, and thereby is rendered unable to do work of any reasonable character, such injury is controlled by paragraphs (a), (b) or (c) of Section 8 of the Workmen's Compensation Act, as amended, Act No. 242 of 1928, p. 357, and not by paragraph (d) of that section, which applies regardless of the workman's capacity to perform work and without reference to the duration of his disability. Custer v. N. O. Paper Box Factory, La. App., 170 So. 388; Ingram v. Meridian Lumber Co., La. App., 178 So. 187; Jones v. International Paper Co., La. App., 11 So.2d 555; Pourciau v. Board of Commissioners of Port of New Orleans, La. App., 12 So.2d 36; Mitchell v. T. J. Moss Tie Co. et al., La. App., 27 So.2d 385; Washington v. Independent Ice Cold Storage Co. et al., La.Sup., 30 So.2d 758.
[2] It is equally as well established that the words "work of any reasonable character" as used in the disability provisions of the act, mean that kind of work for which the claimant is fitted by education, training and status, and such as he was performing or was accustomed to perform before the occurrence of his injury. McQueen v. Union Indemnity Co., 18 La. App. 612, 136 So. 761; Knispel v. Gulf States Utilities Co., 174 La. 401,141 So. 9; Custer v. N. O. Paper Box Factory, supra; Stieffel v. Valentine Sugars, Inc., et al., 188 La. 1091, 179 So. 6; Hibbard v. Blaine et al., La. App., 183 So. 39; Anderson v. May, La. App., 195 So. 783; Sumrall v. E. I. DuPont de Nemours Co., La. App., 1 So.2d 430; McKenzie v. Standard Motor Car Co. et al., La. App., 15 So.2d 115; Henry v. Higgins Industries, Inc., La. App., 24 So.2d 402.
Defendant's counsel argue that not all employees engaged in common labor, who suffer the loss of limbs, are entitled to compensation under the disability clauses, and contend that because plaintiff had been employed for only a few days at the cotton gin it cannot be said that he is unable to perform a substantial and material part of his occupation, as work at the gin was seasonal and was not the only work which he could do in view of his high school education, status and training. Counsel point to the fact that DeKerlegand is now earning a higher wage in a clerical capacity with another employer in New Orleans. In support of this contention, counsel direct our attention to the cases of Pourciau v. Board of Commissioners of Port of New Orleans, supra, and Mitchell v. T. J. Moss Tie Co. et al., supra. Those cases can be distinguished from the one under consideration. In the Pourciau case, the workman's leg was amputated, but he later resumed his employment with the Port Commissioners and remained on the job up to the date of the trial; we expressed the view that not all laborers who lose limbs are automatically entitled to 400 weeks compensation, and forasmuch as Pourciau was able to resume his original employment we said he was entitled to 175 weeks for the loss of his leg, and not 400 weeks for permanent total disability. However, the suit was dismissed on a plea of prescription. In the Mitchell case, an unskilled workman suffered the crushing of the bones of the right hand and fingers. Permanent total disability benefits were disallowed him for the reason, as stated by the court, that there was an abundance of proof as to his capacity to continue to work as a common laborer.
In the case of Custer v. N. O. Paper Box Factory, supra, the claimant, a young man working at his first job, lost his right arm while operating a pressing machine. We held that the workman was permanently and totally disabled and entitled to the benefits of Section 8(b) of the act, saying [170 So. 391]:
"* * * In other words he is an unskilled, inexperienced laborer. The question, *Page 884 
then, is whether the loss of a right arm by such a person incapacitates him, within the contemplation of the compensation law, from doing work 'of any reasonable character.' It is evident that in his present status and condition the injured party can do no work except that of a laborious character, and we find it difficult to conceive of any kind of laborious work which, without the use of his right arm, he could be reasonably expected to obtain.
"* * * we conclude that, if an unskilled laborer loses a leg or an arm, therefore, can no longer do the work which he has been accustomed to do, he should be held to be unable to do any work of any reasonable character, because, to otherwise construe the paragraph of the Compensation Act with which we are now concerned, to paraphrase the language quoted by us in the Marshall case, would render the Compensation Act of no practical benefit to an illiterate insured, et cetera."
In Washington v. Independent Ice Cold Storage Co. et al., supra, the plaintiff, an unskilled negro, 18 years old, who was a helper on a truck, lost his hand while operating an ice crushing machine. Our brothers of the Second Circuit were of the opinion that the evidence preponderated against the contention of the workman that he was incapable of doing work of a reasonable character, and concluded that he was competent to perform the same kind of work he was doing when injured, although with more difficulty. He was awarded 150 weeks compensation for the loss of the hand. 29 So.2d 796. The Supreme Court granted writs of certiorari and ultimately reversed the judgment of the court of appeal and awarded 400 weeks compensation. The Supreme Court said:
"In other words, as was very succinctly stated by the Court of Appeal for the Parish of Orleans in the case of Wilson v. Union Indemnity Company, supra [150 So. 309], where all of the former jurisprudence of this subject was very carefully analyzed and reviewed in a well-considered opinion, 'It has been held many times that subsections (a), (b), and (c) cover all cases of injuries affecting earnings, while subsection (d) has been applied regardless of earnings. * * * In short, subsection (d) is not strictly compensatory, but is in the nature of a tort remedy for a personal injury not affecting earning capacity or ability to work.' * * *
"We think the evidence clearly shows the plaintiff is totally and permanently disabled to do work as a common laborer of any reasonable character, within the meaning and contemplation of the Workmen's Compensation Act. As was very aptly pointed out in the case of Henry v. Higgins Industries, La. App.,24 So.2d 402, 404, 'We think it very obvious that the plaintiff * * * a common laborer, could no longer compete with other able-bodied laborers in the securing of employment'."
[3] It cannot be doubted that the plaintiff in the present case, due to his unfortunate injury, will never again be able to work as a laborer in a cotton gin. It is most unlikely that he is competent to perform duties requiring physical effort in any field of endeavor, and it is certain that he can no longer compete with able-bodied laborers when seeking employment. It is true that he is now engaged in clerical work for another employer. But the duties of this employment are less onerous than those demanded of a laborer, and we are enjoined by the well settled jurisprudence to hold that as DeKerlegand has been rendered incapable of doing work similar to that which he performed in the cotton gin, he is permanently and totally disabled from doing work of any reasonable character. The fact that his earnings at this time are more than the wages he received from the cotton gin is of no moment, and does not deprive him of his right to the permanent total disability benefits established by the act. Butzman v. Delta Shipbuilding Co., La. App., 21 So.2d 80; McKenzie v. Standard Motor Car Co. et al., supra.
The judgment appealed from is affirmed.
Affirmed. *Page 885